# Huffman *v.* The State.

### *Indictment for Larceny.*

1. *Confessions; when voluntary and admissible.*—On a trial under an indictment for the larceny of cotton, where an officer who arrested the defendant testified that he had made no threats or promises to induce the defendant to confess, but that after he arrested him, he had two several conversations with the defendant in each of which he asked him about the cotton alleged to have been stolen, and the defendant denied having stolen it, and that he then stated to the defendant: "If you have stolen the cotton, it will be better for you to tell the truth about it," such statement on the part of the witness does not render involuntary and inadmissible a confession thereupon made by the defendant in which he admitted that he had stolen the cotton.

2. *Same; same.*—The statement by a person who is not an officer or in authority to a defendant charged with the larceny of cotton, that it would be better for the defendant to tell the truth about it, and if he had stolen he cotton to say so, but

[Huffman v. The State]

if he had not stolen it, not to say that he had, does not render involuntary and inadmissible the confession then made by the defendant to such person.

3. *Same; charge to the jury.*—Whether or not confessions by a defendant are voluntary and admissible in evidence, is a question for the court to determine, and after such confessions are admitted in evidence, it is the province of the jury to pass upon the truth or falsity of such confessions; and, therefore, charges which instruct the jury that if they believe the confessions admitted in evidence by the court were made in consequence of statements made by the witness testifying to them, then the jury must exclude from their consideration the evidence of such confessions, is erroneous and properly refused.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case was indicted, tried and convicted for the larceny of two bales of cotton, and sentenced to hard labor for the county for two years. The facts of the case relating to the rulings of the court reviewed on the present appeal, are sufficiently shown in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe from the evidence that the confession as testified to by the witness Isadore Ruffin, that occurred on Tuesday morning, was made by the defendant in consequence of the statement made by the said Ruffin to the effect that if the defendant had stolen the property, it would be better for him to tell the truth about it, then the jury must exclude from their consideration such alleged confession". (2.) "If the jury believe from the evidence that the confession testified to by the witness Amos Jones was made in consequence of the statement made by the said Jones to the defendant, that it would be better for him (defendant) 'to tell the truth about it,' then the jury must exclude from their consideration the evidence of such confession."

[Huffman v. The State]

C. P. McINTYRE,.for appellant, cited .*Ridd v. State,*
69 Ala. 255; *Young v. State,* 68 Ala. 569; *Gregg v.
State,* 106 Ala. 44.

CHAS. G. BROWN, Attorney-General, for the State,
cited *Steele v. State,* 83 Ala. 84; *Dodson v. State,* 86
Ala. 60; *Dotson v. State,* 88 Ala. 208; *Kelly v. State,*
72 Ala. 244; *Beckham v. State,* 100 Ala. 15; *Long v.
State,* 86 Ala. 37; *McGuff v. State,* 88 Ala. 147.

HARALSON, J.—The witness, Ruffin, for the State,
testified that he was the officer who arrested the defend-
ant; that he questioned him about the cotton alleged to
have been stolen, and he denied having taken it; that the
following morning, witness called at the jail and had an-
other conversation with defendant, in which he charged
him with the larceny of the cotton, and he again de-
nied it; that witness urged defendant to tell all he knew
about the cotton, and finally said to him: "If you have
stolen the cotton, it will be better for you to tell the truth
about it," and, thereupon, the defendant admitted he
had stolen it.   This evidence was brought out by the
State, after the witness had testified that he had made
no threats or promises to induce the defendant to con-
fess.   The defendant, afterwards, moved to exclude the
evidence of confession, on the ground that it was ob-
tained by holding out inducements to confess, by threats
and promises, and that it was not voluntary, which mo-
tion the court overruled.

The witness, Jones, testified substantially, that he
saw and conversed with defendant, and told him to tell
him, the witness, the truth about the matter; that it
would be better for him to tell the truth about it, and
if he stole the cotton to say so, but that, if he had not
stolen it, not to say that he had.   This evidence was ad-
mitted against the objection and exception of defend-
ant.

There was no error in the admission of the testimony
of these witnesses.   It does not render a confession
inadmissible, to charge a defendant with crime before
he confesses it, nor to tell him it will be better for
him to tell the truth, if he is guilty.—*Aaron v. State,*

37 Ala. 106; *King v. State*, 40 Ala. 314; *Kelly v. State*, 72 Ala. 244; *Dodson v. State*, 86 Ala. 63; *McAlpine v. State*, 117 Ala. 93.

The two charges requested by the defendant were properly refused. Whether or not the confessions referred to were made in consequence of the statements made to him by the witnesses referred to, is not the test of their admissibility. The question always is, in the admission of such evidence, was the confession made voluntarily, without the appliances of hope or fear, without extraneous inducement or pressure in either of these directions from other persons. These confessions seem to have been thus made. Having been properly admitted, the truth or falsity of the confessions was a question for the jury.—*McAlpine v. State, supra; Jackson v. State*, 83 Ala. 76, 79.

Affirmed.