# Sample *v.* The State.

## *Murder.*

(Decided June 30, 1911.   56 South. 30.)

1. *Evidence; Confessions; Preliminary Evidence.*—The admission of confessions before preliminary proof that they were voluntarily made is prejudicial error.

2. *Same; Sufficiency of Proof.*—The evidence of the constable who arrested the accused and took him to a place of custody, in company with two other persons, that he offered accused no inducement and made no threats, is not sufficient preliminary proof of the voluntary character of a confession alleged to have been made by the accused, since the other person present may have said or done something to render the confessions involuntary.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Walter Sample was convicted of murder and he appeals. Reversed and remanded.

I. I. CANTERBURY, for appellant. All confessions are prima facie involuntary and inadmissible.—*Redd v. The State,* 69 Ala. 225; *Young v. The State,* 68 Ala. 569. The confessions were improperly admitted as sufficient predicate was not laid.—*Redd's Case, supra; Kelly's Case,* 72 Ala. 244; *Jackson's Case,* 83 Ala. 76;

*Burton's Case,* 107 Ala. 125; *McAlpine's Case,* 117 Ala.
93; *Huffman's Case,* 130 Ala. 92.

ROBERT C. BRICKELL, Attorney General, and W. L.
MARTIN, Assistant Attorney General, for the State.
The Court did not err in admitting the confession eith-
er as to time or predicate.—*Spicer v. The State,* 69 Ala.
159; *Hornsby v. The State,* 94 Ala. 55; *Goodwyn v. The
State,* 102 Ala. 87; *Burton v. The State,* 107 Ala. 108;
*Newell v. The State,* 115 Ala. 54; *McKinney v. The
State,* 134 Ala. 134. Counsel discuss charges refused
and cite authority in support thereof, but it is not
deemed necessary to here set them out.

WALKER, P. J.—In reference to extra-judicial con-
fessions, it was said by Somerville, J., delivering the
opinion of the court in the case of *Redd v. The State,*
69 Ala. 259 : "The settled rule of this court is that all
such confessions are prima facie involuntary, and they
can be rendered admissible only by showing that they
are voluntary and not constrained; or, in other words,
free from the influence of fear or hope, applied to the
prisoner's mind by a third person." Dealing with the
same subject, Stone, J., expressing the opinion of the
court in *Bonnor v. State,* 55 Ala. 242, said: "It is laid
down as one of the cardinal rules of evidence that con-
fessions of guilt shall not be received against a prison-
er, until it is first affirmatively shown that they were
made voluntarily. They are prima facie inadmissible,
and the onus rests on the prosecution to repel the impu-
tation of undue influence. Any inducement of profit,
benefit, or melioration held out, any threat of violence,
increased rigor of confinement, or any other menace
which can inspire alarm, dread, or the slightest fear, is
enough to exclude the confession, as not voluntarily

[Sample v. The State.]

made. * * * To justify their admission, confessions must be voluntary in fact. And the question, whether confessions were voluntarily made or not is one of law, to to be decided by the court, and not one of fact for decision by the jury. When such testimony is offered, preliminary proof should be made, showing the circumstances under which the alleged confession was made." We are not aware of any subsequent authoritative departure from the rule as announced in the above quotations. A showing to the court that a confession by the defendant, proposed to be proved, was voluntarily made, without the appliances of hope or fear, without extraneous inducement or pressure in either of those directions from any third person, has continued to be a condition precedent to the admissibility of such proof. —*Jackson v. State,* 83 Ala. 76, 3 South. 847; *McAlpine v. State,* 117 Ala. 93, 23 South. 130; *Huffman v. State,* 130 Ala. 89, 30 South. 394. The law, heeding the teaching of experience that an involuntary statement by an accused person in reference to the matter of the accusation against him, induced by such influences, is very liable to be untrue, rejects the evidence of it as polluted and worthless.

It cannot be said that what the record shows was done in this case by way of laying a predicate for the introduction of proof of a confession by the defendant amounted to a showing that the confession proposed to be proved was voluntary, and not constrained; that it was without extraneous inducement or pressure or fear or hope brought to bear by another. One Parker, the constable who arrested the defendant after the killing which is in question the case, was examined as a witness to prove a confession claimed to have been made by the defendant shortly after the arrest, and while the witness, who was accompanied by two other men, was

carrying the prisoner to Thomaston. After the witness had been permitted, over an objection made by the defendant, to answer the affirmative question, "Did or not, the defendant say anything in your presence or hearing in regard to this difficulty when you took him along?" "The solicitor," as stated in the bill of exceptions, "then propounded the predicate to the witness in the following language: 'Did you offer him any reward? Did you make any threats against him? The witness replied to each question that he did not." Thereupon the court, against objections duly interposed by the defendant, permitted the witness to testify to a confession, or self-incriminating admissions, then made by the defendant. So it plainly appears that the proof offered and admitted was of a confession claimed to have been made by the defendant in the presence of three persons, and that all that was shown as a preliminary to the introduction of such proof was embodied in the statement of one of those persons, the witness who was to depose to the incriminating confession, that he did not offer the defendant "any reward," and did not make any threats against him. This evidence fell far short of disclosing to the court the circumstances under which the alleged confession was made, or of furnishing sufficient data upon which to base a conclusion on an inquiry as to whether the alleged confession was voluntary or not. Where it is made to appear that the statement of the defendant, proposed to be introduced in evidence against him, was made in the presence or hearing of three other persons, merely negativing the conclusion that one of those persons, not even shown to have been engaged in conversation with the defendant at the time, did not offer him any reward, nor make any threat against him, it by no means shows the absence of extraneous inducement to or pressure upon the

[Sample v. The State.]

defendant, or that he was not constrained by influences of either hope or fear brought to bear upon him by some third person. It would not be at all inconsistent with the statement of the witness if the fact was that the alleged confession was extorted by a threat made, or was induced by a promise given, by one of the men who accompanied the witness, and who was the person at the time engaged in conversation with the defendant. In the absence of evidence really tending to show that a confession proposed to be proved was voluntarily made, a trial court is not warranted in holding that a proper predicate has been laid for the introduction of such proof.

The record in the case at bar shows that the court, over the objection of the defendant, admitted evidence of a confession claimed to have been made by him in the presence of the constable who had him under arrest, without requiring that preliminary showing which the law makes a condition precedent to the admissibility of such evidence. Its action in that regard was error to the prejudice of the defendant. It is not an unwholesome consequence of the existence of this rule of law that sometimes its application results in excluding testimony of inferior arresting officers as to chance expressions or conversations of prisoners in their charge, not always fairly or accurately reported, because the circumstances as disclosed to the court were not such as to require it to rule that the proposed evidence is legally admissible.

Because of the error above mentioned, the judgment must be reversed.

Reversed and remanded.