# Barlew, alias, *v.* The State.

## *Murder.*

(Decided Jan. 9, 1912.   Rehearing denied Jan. 30, 1912.
57 South. 601.)

1. *Witnesses; Cross Examination; Character.*—Where no evidence had been offered tending to show self defense, the defendant was not entitled on cross examination to show that the character of the deceased was bad for violence and turbulence.

2. *Same; Leading Questions.*—A question to a witness as to whether she was expecting to hear shots was not only leading, but called for the undisclosed condition of the witness's mind.

3. *Evidence; Expert and Opinion; Competency.*—Where a witness had shown a knowledge of and experience with the use of powder, it was within the discretion of the trial court to permit such witness to testify that there were powder marks on the face of deceased.

4. *Same; Conclusion.*—Questions to a witness as to what he endeavored to do, or what the defendant was trying to do, prior to and at a place different from the homicide, called for the mere conclusions of the witness, and was properly excluded.

5. *Homicide; Evidence; Materiality.*—Questions as to the possession of a pistol by one who had no part in the fatal difficulty before the difficulty which resulted in the homicide occurred, and as to what such other person said at that time, were entirely immaterial.

6. *Same; Uncommunicated Threats.*—In the absence of any evidence tending to show that the wife communicated the threats to the husband, evidence that a witness for the defendant had told the wife of the defendant about threats made against the defendant, was incompetent.

7. *Same.*—A refusal to allow a defendant charged with murder to show that he was or was not at a place when a certain witness went there, was not predjudicial.

8. *Same; Instructions; Self Defense.*—A charge asserting that if the jury believe that the defendant had a reasonable apprehension to believe that his life or limb was in danger at the time he fired the fatal shot, then they must aquit him, ignored the question of duty of retreat, and freedom from fault, and was properly refused.

9. *Same.*—A charge asserting that before the jury could convict the defendant, they must be reasonably satisfied from the evidence that the defendant brought on the difficulty in which deceased was killed, fails to include the elements of imminent danger and duty to retreat.

10. *Same; Threats.*—A charge asserting that if deceased had made threats to kill defendant, and defendant knew of them, or had a right to believe that his life or limb was in danger, predicated an acquittal

on the theory that threats alone could put the defendant in imminent danger, and was, therefore, properly refused.

11. *Same; Freedom From Fault.*—A charge on self defense which predicated only danger and not impending or imminent danger, and which failed to include the duty to retreat, was properly refused.

12. *Trial; Reopening Case; Discretion.*—It was within the discretion of the trial court to permit, or not, further examination of the witness on matters not in rebuttal, when such witness was recalled by defendant after the trial had closed.

13. *Same; Correcting Verdict.*—Where the verdict was that the defendant was guilty as charged and sentenced to ten years and one day imprisonment, the court properly corrected the verdict so as to read that defendant is guilty as charged and shall suffer imprisonment in the penitentiary for ten years and one day.

14. *Appeal and Error; Exceptions; Failure.*—This court will not review the oral charge of the court where it does not appear that the same was excepted to.

15. *Same; Record; Matters Included; Motion in Arrest.*—Where the motion in arrest of judgment is not set out in the record proper, but appears only by bill of exceptions, the rulings thereon will not be reviewed on appeal.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Charley Barlew, alias, etc., was convicted of murder in the second degree, and he appeals. Affirmed.

The exceptions to evidence sufficiently appear from the opinion. The following charges were refused to the defendant: "(1) If the jury believe that the defendant had reasonable apprehension to believe that his life or limb was in danger at the time he fired the fatal shot, then you must acquit the defendant. (2) Before the jury can convict the defendant, they must be reasonably satisfied that the defendant brought on the difficulty in which Martin was killed. (3) If the jury believe from the evidence that deceased had made threats to kill the defendant, and the defendant knew of the same, he had a right to believe that his life or limb was in danger. (4) If the jury believe that the defendant was free from fault in bringing on the difficulty, and his life or limb was in danger, you must acquit the defendant."

The jury returned the following verdict: "We, the jury, find the defendant guilty of murder in the second degree as charged in the indictment, and sentence him to ten years and one day imprisonment." The defendant objected to this verdict, whereupon the court took the papers from the foreman and changed the verdict so as to read as follows: "We, the jury, find the defendant guilty of murder in the second degree, as charged in the indictment, and say that he shall suffer imprisonment in the penitentiary for ten years and one day." The bill of exceptions then recites that the jury retired a moment or two, and brought in the last set out verdict, whereupon the defendant moved in arrest of judgment because the jury had not been qualified as to relation, kinship, or interest, that the verdict was void, and that the jury had been coerced into returning the verdict.

BUSH & BUSH, for appellant. Evidence of the dangerous character of deceased was admissible.—*Green v. The State,* 143 Ala. 2. The court erred in refusing to permit the defendant to show by Underwood that he attempted to prevent the deceased going back to town when he said he was going to try to find Charlie Barlew. —*Collins v. The State,* 138 Ala. 57. The court erred in refusing to permit evidence of threats by Mrs. Orange. —*Roberts v. The State,* 68 Ala. 156; *Harkness v. The State,* 129 Ala. 71. The court erred in its oral charge to the jury.—*Lett v. The State,* 56 South. 5. The court erred in its directions as to correcting verdict.—*Phenix I Co. v. Moog,* 81 Ala. 343; *DeJarnette v. Cox,* 128 Ala. 518.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The ques-

tion asked the witness Martin with reference to the deceased being a quarrelsome man when drinking was irrelevant. There had been offered no evidence to show the killing done in self defense.—*Queensberry v. The State*, 3 S. & P. 308; *Pritchett v. State*, 22 Ala. 39; *Franklin v. State*, 29 Ala. 14; *Eiland v. State*, 52 Ala. 322; *Payne v. State*, 60 Ala. 80; *Roberts v. State*, 68 Ala. 156; *Rutledge v. State*, 88 Ala. 85; *Gafford v. State*, 122 Ala. 54; *Morrell v. State*, 136 Ala. 44; *Gilmore v. State*, 141 Ala. 51. The witness Martin showed himself sufficiently expert in the knowledge of powder marks to testify whether or not he found burns on the face of deceased. Such qualifications were addressed to the discretion of the trial judge.—*Rash v. State*, 61 Ala. 89; *Tesney v. State*, 77 Ala. 33. The verdict of the jury being defective in form, it was proper for the court to require the jury to amend it. It had not been discharged and the defendant remained in court while the verdict was being amended.—*Hughes v. State*, 12 Ala. 458; *Brister v. State*, 26 Ala. 107; *Wortham v. Gurley*, 75 Ala. 356; *Higginbotham v. Clayton*, 80 Ala. 194. The motion in arrest of judgment appears only in the Bill of Exceptions. It should appear of Record.—*Diggs v. State*, 77 Ala. 68, *Cooper v. State*, 88 Ala. 107; *Walker v. State*, 91 Ala. 76; *Thomas v. State*, 94 Ala. 74; *Taylor v. State*, 112 Ala. 69.

PELHAM, J.—The appellant's motion to establish a bill of exceptions in this case is not contested, and the motion is granted, and the bill of exceptions made a part of the record. The defendant was tried on an indictment charging murder in the second degree, and convicted of that degree of murder.

No evidence up to that time having been offered to show an element of self-defense attending the killing,

the court properly refused to let the defendant show, by cross-examination of the state's witness Martin, the character of the deceased for being a quarrelsome, violent, and turbulent man.—*Gilmore v. State*, 141 Ala. 51, 37 South. 359; *Morrell v. State*, 136 Ala. 44, 34 South. 208; *Gafford v. State*, 122 Ala. 54 South. 10; *Rutledge v. State*, 88 Ala. 85, 7 South. 335; *Roberts v. State*, 68 Ala. 156; *Payne v. State*, 60 Ala. 80; *Eiland v. State*, 52 Ala. 322; *Franklin v. State*, 29 Ala. 15; *Pritchett v. State*, 22 Ala. 39, 58 Am. Dec. 250; *Queensberry v. State*, 3 Stew. & P. 308.

There was no error committed by the court in allowing the witness Martin to testify that there were powder burns on the face of the deceased. The witness showed that he had knowledge of and experience in the use of powder, and whether a witness possesses the necessary qualifications to testify as an expert is a preliminary question largely within the discretion of the court. —*Tesney v. State*, 77 Ala. 33; *L. & N. R. R. Co. v. Sandlin*, 125 Ala. 585, 28 South. 40.

The evidence sought to be elicited from the witness Underwood with reference to what took place between the witness and deceased at a different place and prior to the difficulty that resulted in the homicide called for the conclusion of the witness. If the evidence was relevant, as being matters connected with the transaction, the witness should not have been asked what he endeavored to do, or what the defendant was trying to do, or what it appeared to him (witness) the defendant was trying to do, but should have been asked what was done, so that the jury could draw the conclusions from the facts as to whether from what was done the witness endeavored to prevent the deceased from going back to town, or that the defendant was trying to pull away from deceased, or that it appeared that defendant was

[Barlew, alias v. The State.]

not trying to get away from deceased. The questions asked called for the mere conclusions or opinions of the witness, and were properly refused.—*Knight's Case,* 160 Ala. 58, 49 South. 764; *Bettis' Case,* 160 Ala. 3, 49 South. 781; *Heninburg's Case,* 153 Ala. 13, 45 South. 246; *Weaver v. State,* 1 Ala. App. 48, 55 South. 956.

The objections to the question asked the witness Mrs. Orange about her son John Orange having a pistol before the difficulty, and what he said at that time, were properly sustained. John Orange was not shown to have taken any part in the fatal difficulty, and it was entirely immaterial what he said and whether he had a pistol prior to the difficulty. The defendant subsequently examined John Orange as a witness in his behalf, and received the full benefit of all that this party did preceding the difficulty. The trial court allowed a wide range to the defendant in examining this witness, permitting him to show what the witness believed in reference to the defendant's having some of his money, and the purpose that he and the deceased had in looking for the defendant prior to the encounter.

The court correctly refused to allow the defendant to show by his witness Mrs. Orange her uncommunicated purpose in going to the house of the defendant a short time before the difficulty, and the questions, "What did you do there?" "What did you say there?" were capable and calculated to elicit incompetent and inadmissible evidence as responsive to the question and a general objection was properly sustained.—*Ross' Case,* 139 Ala. 144, 36 South. 718; *Braham's Case,* 143 Ala. 28, 40, 38 South. 919.

Even if uncommunicated threats would be competent evidence, as tending to show the animus of the attack, and even though the caution sought to be proven by this witness as having been given to defendant's wife be con-

strued as a threat, or growing out of threats, still it would not be competent to prove that the witness told the defendant's wife about the threats, in the absence of any evidence going to show that the threats were communicated. No communicated threats were proven that the evidence could be corroborative of, and the court was not in error in sustaining objections to the questions.— *Webb v. State*, 135 Ala. 36, 33 South. 487.

There was nothing prejudicial to defendant in not being allowed to show the mere fact that defendant was or was not at the house when the witness went there.

The question asked this witness, "Mrs. Orange, you were expecting to hear those shots, were you not?" was leading and suggestive, and called for the witness' undisclosed condition of mind.

The further examination of the witness Wingo on matters not in rebuttal upon being recalled by defendant after the evidence was closed was in the discretion of the trial court, and no abuse of the discretion is shown.—*Dyer v. State*, 88 Ala. 225, 7 South. 267; *Granison v. State*, 117 Ala. 22, 23 South. 146; *W. U. Tel Co. v. Bowman*, 141 Ala. 175, 37 South. 493; *Braham v. State*, 143 Ala. 28, 44, 38 South. 919; *Cross v. State*, 147 Ala. 125, 41 South. 875; *McBride v. Sullivan*, 155 Ala. 166, 45 South. 902.

That part of the oral charge set out in the bill of exceptions urged by appellant in brief as constituting error is not shown to have been objected to or any exception reserved thereto, and is not therefore before us for consideration.

Charge No 1, requested by the defendant and refused, ignores the question of freedom from fault and duty to retreat.

Charge No. 2 is faulty in not including the elements of imminent danger and duty to retreat.

[Sheridan v. The State.]

Charge No 3 is erroneous in stating that threats alone could put defendant in imminent danger.

Charge No 4 predicates only danger, and not imminent or impending danger, and fails to include the duty to retreat.

The action of the court in having a verdict defective in form corrected was free from error.—*Higginbotham & Co. v. Clayton & Webb,* 80 Ala. 194; *Hughes v. State,* 12 Ala. 458.

The motion in arrest of judgment is not set out in the record proper, but only appears in the bill of exceptions, and the rulings thereon are not reviewable.— *Taylor v. State,* 112 Ala. 69, 20 South. 848; *Hampton v. State,* 133 Ala. 180, 32 South. 230.

No reversible error available to appellant being shown by the record, the case will be affirmed.

Affirmed.