(104 So. 876)

**WILSON et al. v. STATE.    (5 Div. 566.)**

(Court of Appeals of Alabama.    June 30, 1925.)

**1. Criminal law ⊚═⇒707—Refusal to permit defendants' counsel to make preliminary statement to jury held not erroneous.**

In murder prosecution, refusal to permit defendants' counsel to make a preliminary statement to jury as to what they expected evidence to show *held* not erroneous, since plea of not guilty covers the entire defense, and evidence is introduced and developed under guidance of rulings of court.

**2. Criminal law ⊚═⇒795(4)—Charge that defendant should be acquitted unless state proved every material allegation of indictment held properly refused.**

In prosecution, under indictment charging murder in first degree, charge that defendant should be acquitted unless state proved beyond a reasonable doubt truth of every material allegation of indictment *held* properly refused, since indictment embraced all lower degrees of homicide.

**3. Criminal law ⊚═⇒829(1)—Refusal of charge covered by court's oral charge is not error.**

Refusal of charge covered by court's oral charge is not error.

**4. Criminal law ⊚═⇒809—Charge held properly refused as misleading.**

In murder prosecution, charge was properly refused as misleading where there were three defendants and charge only referred to one, but as to which one did not appear.

**5. Criminal law ⊚═⇒763, 764(6)—Charge which singles out part of evidence is properly refused as invasive of jury's province.**

A charge which singles out a part of evidence is properly refused as being invasive of jury's province.

**6. Criminal law ⊚═⇒308—Presumption of innocence remains only so long as jury is not convinced of defendants' guilt.**

Presumption of innocence attached to defendant remains only so long as jury is not convinced beyond a reasonable doubt of his guilt, and when that time arrives presumption ends.

**7. Criminal law ⊚═⇒759(1)—Charge that, if jury could acquit defendants under one theory or convict them under another, they should acquit them, held properly refused.**

In murder prosecution, charge that, if jury after considering evidence could acquit defendants under one theory or convict them under another theory of the evidence, defendants were entitled to acquittal, *held* properly refused.

**8. Criminal law ⊚═⇒813 — Abstract charge is properly refused.**

In murder prosecution, an abstract charge is properly refused.

**9. Criminal law ⊚═⇒757(6)—Charge held properly refused as being invasive of jury's province.**

In murder prosecution, charge that, if state's witnesses had contradicted each other by any parts of their testimony, jury should consider such fact in determining weight to be given their testimony, *held* properly refused as invasive of jury's province.

**10. Criminal law ⊚═⇒763, 764(6)—Charge held properly refused as being invasive of jury's province.**

In murder prosecution, charge that if deceased left his car and followed defendants to

place where killing occurred it might be considered in determining who was aggressor in the difficulty, *held* properly refused as being invasive of jury's province.

**11. Criminal law** ☞743 — **Consideration to be given impeaching circumstances as to testimony of witnesses is for jury.**

Impeaching circumstances as to testimony of witnesses may be considered in determining weight which jury will give such evidence, but such consideration is for jury.

**12. Homicide** ☞145—**Charge that burden of showing that pursuit by deceased was peaceable was on the state held properly refused.**

In murder prosecution, charge that if deceased left his car and followed defendants to place where shooting occurred, and fatal difficulty arose as soon as he overtook defendants, burden of showing that such pursuit was peaceable was on state *held* properly refused.

Appeal from Circuit Court, Randolph County; N. D. Denson, Judge.

Dee Wilson and Horace Jenkins were convicted of murder in the second degree, and they appeal. Affirmed.

These charges were refused to defendants:

"(5) I charge you that the burden is upon the state to convince you from the evidence beyond a reasonable doubt of the truth of every material allegation of the indictment, and, if the state has failed to do this, you should acquit the defendant."

"(17) I charge you that each of the defendants is presumed to be innocent until he is proved to be guilty beyond a reasonable doubt, and this presumption of innocence remains with him throughout the trial, and must be considered by you together with the other evidence in the case in determining whether he is innocent or guilty."

"(20) The court charges you that if you can, after considering all the evidence, acquit the defendants under one theory of the evidence or convict them under another theory of the evidence, it is your duty to acquit them."

"(27) The court charges you that if the witnesses for the state have contradicted each other by any parts of their testimony, you should consider such fact in determining what weight you will give their testimony."

"(28) The court charges the jury that the fact, if you find from the evidence that it is a fact, that the deceased left his car and followed the defendants to the place where the killing occurred is a circumstance which you must consider in determining who was the aggressor in the difficulty."

"(29) The court charges you that if you find from the evidence that the deceased left his car and followed the defendants to the place where the shooting occurred, and if you further find from the evidence that the fatal difficulty arose as soon as he overtook the defendant Gooden Jenkins, the burden of showing that such pursuit was peaceable is on the state."

A. L. Crumpton, of Ashland, for appellants.

Counsel argue for error in refusal of requested charges, and cite Cox v. State, 19 Ala. App. 205, 96 So. 83.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in refusal of defendant's requested charges. Charge 5: Stoball v. State, 116 Ala. 454, 23 So. 162; Burkett v. State, 154 Ala. 19, 45 So. 682; 8 Michie's Ala. Dig. 381. Charge 17: 4 Michie's Ala. Dig. 366. Charge 20: Tuggle v. State, 19 Ala. App. 532, 98 So. 700. Charges 27, 28: 4 Michie's Ala. Dig. 348. Charge 29: Bluitt v. State, 161 Ala. 14, 49 So. 854.

SAMFORD, J. [1] Defendants insist that the trial court erred in refusing to permit their counsel to make a preliminary statement to the jury as to what they expected the evidence to show. This is not the practice in this state. The plea of not guilty covers the entire defense, and the evidence is introduced and developed under the guidance of the rulings of the court. There was no error in this action of the court.

[2] Refused charge 5 was properly refused for the reason that the indictment for murder in the first degree embraces all the lower degrees of homicide. Stoball v. State, 116 Ala. 454, 23 So. 162; 8 Mich. Dig. 381, § 260 (4).

[3, 4] Refused charge 6 was fully covered in the oral charge of the court as to each and all of the defendants. Moreover, there were three defendants, and this charge only refers to one, but as to which one does not appear. This in itself would render the charge misleading.

Refused charge 8 is amply covered in the oral charge of the court.

[5] Refused charge 11 singles out a part of the evidence, and for that reason is invasive of the province of the jury, and refused charge 14 omits the elements of danger and retreat. Refused charge 16 is covered by given charge 15 and by the oral charge of the court.

[6-10] Refused charge 17 does not state a correct rule. The presumption of innocence remains only so long as the jury are not convinced beyond a reasonable doubt of his guilt. When that time arrives the presumption ends. 4 Mich. Dig. 366, § 526 (3). Refused charge 20 is bad. Tuggle v. State, 19 Ala. App. 539, 98 So. 700. Charge 22 is abstract. Refused charges 27 and 28 are both invasive of the province of the jury.

[11] Impeaching circumstances as to testimony of witness may be taken into consideration in determining the weight which they will give to such evidence, but such consideration is for the jury. 4 Mich. Dig. 348, § 514 (4).

[12] Refused charge 29 is a bad charge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Bluitt v. State, 161 Ala. 14, 49 So. 854. Refused charges 5E and 6F are covered in the oral charge.

The defendants have had a fair trial under a fair and an impartial charge of the court. There is no error in the record, and the judgment is affirmed.