145 So. 436

## BURNS v. STATE.

6 Div. 965.

Supreme Court of Alabama.

Oct. 6, 1932.

Rehearing Denied Jan. 27, 1933.

Fort, Beddow & Ray, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

THOMAS, J.

The defendant was tried and convicted of murder in the second degree. The organization of the court is shown by the transcript to be in accord with the law and rule 26 of this court. Code 1923, vol. 4, p. 887, rule 26.

The indictment is in Code form and returned in accordance with the provisions of statute. Sections 4527, 4547, and § 4556, form 76; Billingslea v. State, 68 Ala. 486; Rivers v. State, 97 Ala. 72, 12 So. 434; Doss v. State, 220 Ala. 30, 123 So. 231, 68 A. L. R. 712, and authorities there cited.

The record discloses that a venire of one hundred jurors was duly drawn for the trial of defendant and others charged with felonies whose cases were respectively set upon the same day (Code, §§ 8616, 8643, 8649; Umble v. State, 207 Ala. 508, 509, 93 So. 531); that the court ordered the sheriff to summon said jurors [section 8619, Code], and that a list thereof and copy of the indictment be forthwith served on the defendant (section 5568, Code), which order was duly returned as executed; that appellant, in his own person and by counsel, was present during all the proceedings of his trial and through to his judgment and sentence, appeal and suspension of judgment pending his appeal (Vertus Frost v. State (Ala. Sup.) 142 So. 427;[1] Melton v. State, 224 Ala. 152, 142 So. 659; Cosby v. State, 202 Ala. 419, 80 So. 803).

The application for continuance in this case was addressed to the sound discretion of the trial court. There was no proof made or evidence offered and exhibited in the bill of exceptions to show that the trial court palpably or grossly abused its discretion in the premises. Knowles v. Blue, 209 Ala. 27, 95 So. 481; Sanderson v. State, 168 Ala. 109, 53 So. 109; Jarvis v. State, 220 Ala. 501, 126 So. 127, and authorities; Richardson v. State, 191 Ala. 21, 68 So. 57; Webb v. State, 135 Ala. 36, 33 So. 487; Bryant v. State, 185 Ala. 8, 64 So. 333; Mosley v. State, 22 Ala. App. 95, 112 So. 811; Creel v. State, 23 Ala. App. 241, 124 So. 507; Traylor v. State, 20 Ala. App. 262, 101 So. 532.

The remark of the court when denying the motion for continuance does not show prejudice on the part of the court; but was merely the means employed of disposing of the matter or suggestion for expedition, at that point of the trial. Biddle v. State, 20 Ala. App. 49, 100 So. 572.

[1] 225 Ala. 232.

■ The court had qualified the jury and refused to allow counsel to cross-examine or interrogate each juror personally. The statute placed the right "to examine said jurors as to any matter that might tend to affect their verdict * * * under the direction of the court," a matter largely within the discretion of the court. In this there was no error. The court qualified and empaneled the jury in groups of twelve, and counsel were allowed to interrogate the respective groups of jurors, and no special interest or disqualification was disclosed to the court as the basis of the request for or the purpose of an individual inquiry. Section 8662, Code; Rose v. Magro, 220 Ala. 120, 123, 124 So. 296; Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 551, 126 So. 869.

■ The excusing of jurors was within the sound discretion of the trial court [section 8622, Code], and objections made to the venire (section 8637, Code) do not come within the rule of Doss v. State, supra, and there was no error shown by the record in overruling the motion to quash the venire on such grounds.

■ The permission or declination on motion of counsel to make an opening statement to the jury and state "his side of the case" is a matter for the exercise of the discretion of the court; and, when permitted, is to be confined to and conducted within reasonable limitation of the court. Pope v. State, 174 Ala. 63, 57 So. 245; Brown v. Leek, 221 Ala. 319, 128 So. 608, and authorities; Handley v. State, 214 Ala. 172, 106 So. 692; Rose v. Magro, supra; Wilson v. State, 21 Ala. App. 35, 104 So. 876. And in the action of the trial court, in declining to permit such opening statement of facts, no reversible error was shown.

■ Appellant urges error in the admission of the alleged dying declaration of Dr. Godwin on the ground that the proper predicate had not been laid therefor. The statement of Dr. Carraway was sufficient predicate to authorize the introduction of the statement of deceased to the effect that he was "under a sense of impending death" (Evans v. State, 209 Ala. 563, 96 So. 923), and the witness' narration of events as detailed to him by deceased constituted a continuous transaction that was admissible as a part of the res gestæ (Hanye v. State, 211 Ala. 555, 101 So. 108; Birmingham Macaroni Co. v. Tadrick, 205 Ala. 540, 88 So. 858).

■■ The introduction of the confession of Ogletree, an accomplice of the defendant, the said confession being given by stenographic report, which was taken down immediately after the commission of the crime and in the presence of the defendant who did not deny Ogletree's statement of facts then detailed, is also urged as error. In this, however, there was no error; he was called upon to speak and failed to deny the truth of the statements so made and which tended to show conspiracy. Williams v. State, 81 Ala. 1, 1 So. 179, 60 Am. Rep. 133; Campbell v. State, 55 Ala. 80; Brindley v. State, 193 Ala. 43, 69 So. 536, Ann. Cas. 1916E, 177; Scott v. State, 30 Ala. 503. The general rule is thus stated [16 C. J. p. 652, § 1312]: "Statements or declarations by one conspirator or codefendant, although made after the termination of the conspiracy, are competent against another conspirator or codefendant where they were uttered in his presence and he assented thereto; or where, in some other way, he acted in an incriminatory manner in connection with the statement."

See, also, Bachelor v. State, 216 Ala. 356, 113 So. 67.

■ In the examination of Chief McDuff a remark was made by the court that he was satisfied the witness was not going to answer the solicitor's question "unless it is true." Later the court withdrew the remark, and, after further examination of that witness, the court expressly instructed the jury as follows: "Gentlemen, I want to tell you not to consider that remark I made a while ago, that Chief McDuff would tell the truth about it. Don't consider that at all; don't let it have any weight. It is for you to say whether he is telling the truth or not, just like any other witness in this case. You are the sole judges as to who is telling you the truth, and not let that have any weight at all with you."

This observation was improper, as the court recognized in his exclusion, and we need not declare whether its influence was or was not eradicable as the case will be reversed on other grounds and this question would not occur on another trial. This subject was considered in Moulton v. State, 199 Ala. 411, 414, 74 So. 454, and the rule adverted to that each case of this character must be decided upon its own merits depending upon the issues, the parties, and the particular case. Bachelor v. State, 216 Ala. 356, 113 So. 67; Milton v. State, 213 Ala. 449, 105 So. 209; Loeb v. Webster, 213 Ala. 99, 104 So. 25; Owens v. State, 215 Ala. 42, 109 So. 109; Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 287, 61 So. 80, Ann. Cas. 1916A, 543; Carter v. State, 219 Ala. 670, 123 So. 50; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74; Crenshaw v. State, 207 Ala. 438, 93 So. 465; Anderson v. State, 209 Ala. 36, 44, 95 So. 171, and authorities; Tennessee River Nav. Co. v. Walls, 209 Ala. 320, 96 So. 266; Davis v. State, 209 Ala. 409, 96 So. 187; Hanye v. State, 211 Ala. 555, 101 So. 108; Metropolitan Life Ins, Co. v. Carter, 212 Ala. 212, 102 So. 130; Alabama Great Southern R. Co. v. Grauer, 212 Ala. 197, 102 So. 125; Feore v. Trammel, 212 Ala. 325, 102 So. 529.

■■ We are thus brought to consideration of the fact of whether at the time of mak-

ing confession defendant was under duress, that is, "induced by the flattery of hope" or by "the torture of fear." If so, it should not be introduced in evidence and the preliminary determination is whether or not it is prima facie voluntary or involuntary. If involuntary, it should be rejected by the court; if ascertained by the court to be prima facie voluntary, the evidence should be admitted for the determination of the jury. Fincher v. State, 211 Ala. 388, 393, 100 So. 657; Curry v. State, 203 Ala. 239, 82 So. 489; Owen v. State, 78 Ala. 425, 428, 56 Am. Rep. 40; Stone v. State, 208 Ala. 50, 93 So. 706; Green v. State, 168 Ala. 90, 53 So. 286; Stevens v. State, 138 Ala. 71, 35 So. 122; Hornsby v. State, 94 Ala. 55, 10 So. 522; Birchfield v. State, 217 Ala. 225, 115 So. 297.

It is declared in Fincher v. State, 211 Ala. 393, 394, 100 So. 657, 662, that:

" * * * If a confession was procured, not by menace, threat, or hope, but by the mere employment of falsehood on the part of officers or 'other persons,' such falsehood 'does not alone exclude it' (Curry v. State, 203 Ala. 239, 242, 82 So. 489; Burton v. State, 107 Ala. 108, 18 So. 284; Stone v. State, 105 Ala. 60, 69, 17 So. 114; Levison v. State, 54 Ala. 520, 525; King v. State, 40 Ala. 314; 1 Greenl. Ev., §§ 322, 323, 329); nor does the fact that a confession was obtained by artifice alone exclude it (Brindley v. State, 193 Ala. 43, 69 So. 536, Ann. Cas. 1916E, 177). It is only when such falsehood or artifice amounts to a promise of favor or threat of punishment. Where these have not been employed, the confession is admissible. Levison v. State, 54 Ala. 520, 525; 16 C. J. p. 729, § 1497.

" * * * That when a defendant was merely admonished that it would be best to tell the truth about the matter (Huffman v. State, 130 Ala. 89, 30 So. 394), or when the confession leads to the discovery of physical facts of testimonial worthiness (Curry v. State, 203 Ala. 239, 242, 82 So. 489) disclosing extraneous facts to show the truth of the statement, and tending to prove the commission of the crime, etc., such evidence was admissible."

When the statement in the nature of an admission was sought to be read to the jury, defendant objected thereto on the ground that it was involuntary. The court said: .

" 'Now, if there is any dispute as to what Chief McDuff testifed as to what Mr. Long said to this defendant, let the reporter turn over there and read what he did say. My recollection is that Mr. Long said he didn't believe he was guilty, and it would be better for him to tell the truth about it, or tell the facts about the killing. But he didn't stop with saying it would be better to make a statement.'

"Here counsel for the defendant stated that even these facts as stated by the Court would be an involuntary statement, and added as ground of objection to the question as asked, that question would call for res inter alios acta.

"The Court stated then in the presence and hearing of the jury as follows:

" 'I am only passing on the prima facie admittance of the testimony; and it's for the jury to say whether the testimony is true or not. I overrule your objection.'

"To this action and ruling and statement of the Court, next above quoted, the defendant then and there duly and legally excepted."

■ The statement by Mr. Long to defendant was within the rule of our cases. Elmore v. State, 223 Ala. 490, 137 So. 185; Huffman v. State, 130 Ala. 89, 30 So. 394; Fincher v. State, supra. The fact that defendant was under arrest, without more, would not render his admissions against interest inadmissible.

The court stated to counsel:

" 'I will give you gentlemen an opportunity to show that any statement he made was not voluntarily, if you can show it, but I will not allow you to go into that now, and it is finally up to the jury to say, from all the evidence, whether the statement was really voluntary or not.'

"Here counsel for the defendant stated to the court as follows:—

" 'I call your Honor's attention to this: The Supreme Court says that it is a matter for your Honor to decide, whether admissible; and if it is, then the jury decides whether it was voluntary. And that's a matter for your Honor to determine.'

"The Court made the following statement in the presence and hearing of the jury in open court:—

" 'When Chief McDuff says there was no inducement offered him, and he made a statement following that, I hold that it is all right for him to tell what the statement was. If you want to go further and show that some other time he may have been influenced, I will let you do that, and then let the jury decide whether the statement was really voluntary or not,' (the last statement above quoted being directed to counsel for the defendant)."

■ The defendant should have been permitted to present facts to the court for decision, in the light of his immediate surroundings and circumstances, whether, prima facie, the confession was involuntary or voluntary. That primary duty devolved upon the court. Curry v. State, 203 Ala. 239, 242, 82 So. 489; Fincher v. State, 211 Ala. 388, 393, 100 So. 657; Jarvis v. State, 220 Ala. 501, 126 So. 127; Owen v. State, 78 Ala. 425, 428, 56 Am. Rep. 40. We think there was error in the action of the court in not allowing defendant the opportunity to present to the court the

prima facie question of whether or not the confession was involuntary.

After the state had finished its rebuttal, defendant offered to read to the jury excerpts from medical works on phases of insanity, not strictly in reply to rebuttal evidence. At such a stage of the trial, the court may exercise sound judicial discretion, in refusing to reopen or receive additional evidence on any phase of the case. Wilkinson v. State, 106 Ala. 23, 29, 17 So. 458; Barlew, alias, v. State, 5 Ala. App. 290, 296, 57 So. 601, and authorities there cited. When, however, the court permits the case to be opened up beyond the scope of rebuttal, the general rules of evidence apply. In this case the court finally said: "If you will get up somebody right away I will give you a chance to bring some expert here to introduce as a witness, or as many as you want, if it don't take you too long; but after you have finished your case I think it is too late. * * *" Here a short intermission was granted by the court and Doctor Jos. Leland was secured and sworn as a witness, and on direct examination testified on the pertinent question under the plea of not guilty by reason of insanity,—the hypothetical question being answered by the physician in favor of the defendant.

Defendant's counsel sought to offer in evidence a standard work on "Paranoia and Paranoid States," and the state's objection was sustained on the ground that defendant was not shown to be suffering with such indicated diseased condition of the mind. After the court had ruled, the witness was asked: "Now, doctor, what form of mental diseases, or what would you term that in your profession? What kind of mental unsoundness would you term that, and what particular nature of mental unsoundness would that be classed as?" To which he answered: "Paranoia."

The matter was again presented as follows: "A paranoiac has delusions of persecution and has delusions of persecution from his best friends. In my opinion a paranoiac, if he does know the difference between right and wrong and makes up his mind to do a particular thing, based upon a delusion of persecution, or wrong-doing on the part of another person, even though he knows the difference between right and wrong, he would not have the power to resist the doing of the wrong, if he had a delusion; a delusion is a false belief."

In this ruling of the court there was error. Watkins v. Potts, 219 Ala. 427, 122 So. 416, 65 A. L. R. 1097; Russell v. State, 201 Ala. 572, 78 So. 916; Stoudenmeier v. Williamson, 29 Ala. 558; Adler v. State, 55 Ala. 23; Bales v. State, 63 Ala. 30. That phase of insanity should have been permitted to be shown to the jury by defendant's evidence that was offered—standard medical works rejected on motion of the state.

The colloquy between counsel and the court has been considered, and we find no error in this.

There was no error in reading the excerpts from the decision of the Court of Appeals to the court in the presence of the jury.

The further matter of argument of counsel as to reference made to defendant, he not having testified in the case, need not here be considered in as much as the cause is reversed for further errors, as the same may not and should not arise on another trial. Bachelor v. State, 216 Ala. 356, 361, 113 So. 67.

There was no error in the cross-examination of the witness Wright to show bias, prejudice, interest, or opportunity of the witness. He had testified that he had dealings with defendant and an opportunity to know and observe him, and was of opinion that he "was of abnormal mind." The inference was for the jury. However, the witness was permitted to say: "I have no interest whatever in Mr. Burns or in this case, otherwise than to see justice and equity done."

For the foregoing reasons the case should be retried, and the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

