# DuBose v. The State.

## *Indictment for Murder.*

1. *Dying declarations; when admissible.*—On a trial under an indict-
ment for murder, where it is shown that a few hours before the
deceased died, he stated to his physician that he thought he
would die, and the physician told him that he would surely die
and that he had only a few hours to live, there is laid a suffi-
cient predicate for the admission in evidence of the statements
made by the deceased, after such conversation with the physi-
cian, as dying declarations.

2. *Same; charge in reference thereto.*—After the admission in evidence
of dying declarations, it is for the jury to det rmine what
weight is to be given them; and therefore, a charge requested
by the defendant which instructs them that the dying declara-
tions of the deceased, as testified to "are not entitled to the
same credit and force as if deceased was still alive and testify-
ing in the presence of the jury on oath," is erroneous and prop-
erly refused as being invasive of the province of the jury.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. M. CARMICHAEL.

The appellant was indicted and tried for the murder of
Jim McSwain, was convicted of murder in the first de-
gree and sentenced to be hung.   After the State had in-
troduced evidence showing that Jim McSwain had been
shot and died from the wound, and also evidence tending
to show that the defendant did the shooting, it intro-
duced Dr. W. E. Pate as a witness, who testified that he
was a practicing physician, and was called in to see Jim
McSwain on the night he was shot; that during the next

day McSwain told him that he thought he would die, to
which the witness replied that he thought so too; that
later during the day witness told McSwain that he would
surely die, and had only a few hours to live, and upon
being told this, McSwain said that he thought he would
die. The witness then testified that McSwain lived only
a few hours after this declaration. Thereupon the State
asked the witness if McSwain made any statement, and
what was such statement? The defendant objected to
this question, upon the ground that it was not shown
that the witness was conscious of an early dissolution,
and that no proper predicate was laid for the admission
of dying declarations. The court overruled this objec-
tion, and the defendant duly excepted. The witness Dr.
Pate answered that McSwain stated at that time that
Lum DuBose, the defendant, killed him and shot him
with a pistol. The defendant moved to exclude this evi-
dence from the jury, upon the same ground upon which
the objection to the question was based. The court over-
ruled the motion, and to this ruling the defendant duly
excepted.

Upon the introduction of all the evidence, the defend-
ant requested the court to give to the jury the following
written charge, and separately excepted to the court's
refusal to give the same as asked: "The court instructs
the jury that the dying declarations of the deceased made
to Dr. Pate are not entitled to the same credit and force
as if deceased was still alive and testifying in the pres-
ence of the jury on oath, that it is a species of hearsay
evidence and is intrinsically weaker than if the declarant
was present and subject to cross-examination, and the
jury alone are the judges of its weight and force."

R. H. WALKER and W. L. LEE, for appellant.—The
court erred in admitting the testimony of Dr. Pate, as to
the dying declarations of the deceased.—*Pulliam v. State,*
88 Ala. 1; *Hammil v. State,* 90 Ala. 577; *Young v. State,*
95 Ala. 5; *Ward v. State,* 78 Ala. 441; *Kilgore v. State,*
74 Ala. 1; *Justice v. State,* 99 Ala. 180.

The written charge requested by defendant should
have been given. Its true purport is cautionary. It re-
fers to the source, not to the effect of the testimony.—1
Greenl. Evidence, § 162; Roscoe Cr. Ev., 4, 35; *Moore*

*v. State,* 12 Ala. 764; *Montgomery v. State,* 80 Ind. 338; *Lambeth v. State,* 23 Miss. 350; *Lipscomb v. State,* 23 So. Rep. (Miss.) 210.

CHARLES G. BROWN, Attorney-General, for the State. The court properly admitted in evidence the dying declarations of the deceased.—*McQueen v. State,* 94 Ala. 50; *Hussey v. State,* 87 Ala. 121; *Ward v. State,* 78 Ala. 441; *Jordan v. State,* 81 Ala. 21.

The charge requested by the defendant was properly refused as being invasive of the province of the jury.— *Kennedy v. State,* 85 Ala. 326.

McCLELLAN, C. J.—The court very properly admitted the dying declarations testified to by Dr. Pate on the predicate laid in the evidence of that witness.— *McQueen v. State,* 94 Ala. 50.

The charge refused to defendant was clearly an invasion of the province of the jury. It was for them to determine what weight to give to the dying declarations of the wounded man, and not for the court to instruct them that such declarations were "not entitled to the same credit and force as if deceased was still alive and testifying in the presence of the jury on oath" etc.—*Kennedy v. State,* 85 Ala. 326.

There is no other question in this case. The fact stated in the brief for appellant that one of the grand jury which found the indictment was on the jury which tried the defendant does not appear by the record; and if it had, no ruling was had upon it in the trial court, and, of course, no exception was reserved in that connection for the consideration of this court.

The judgment of the circuit court must be affirmed; and the day fixed for the execution of the sentence of death imposed upon the defendant by the court below having passed, Friday, March 10th, 1899 is fixed by this court for the execution of said sentence.