# Scheidegger, et al. v. Terrell.

## Ejectment.

(Decided Dec. 20th, 1906.    43 So.. Rep. 26.)

1. *Evidence; Proof of Pedigree; Declarations; Admissibility.*—To render competent the declarations of a person with respect to the pedigree of another person, it is necessary to show that the declarant was a member of the family to which it is sought to attach the third person.

2. *Same.*—Where it was shown that the person testifying lived in Switzerland, and that his mother died there, his testimony stating that his mother stated that her sister lived in the United States, and that she used to receive letters from her, but that his knowledge of the fact that decedent's maiden name was the family name of his mother and that decedent married, was from documents received from Alabama, does not show a dec-

[Scheidegger, et al. v. Terrell.]

laration of his mother, that decedent was a member of her family, and was inadmissible to show whether the decedent, dying while living in Alabama, was a sister of the mother of the witness, who died in Switzerland.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Ejectment by Rudolph Scheideger and others against Joshua D. Terrell. From a judgment of nonsuit, plain· tiffs appeal. Affirmed.

See 39 South. 172.

Frederick Sheidegger, in answer to interrogatory propounded to him in this cause, among other statements, said: "I live in Berne, Switzerland. I speak German. I did not know Magdalena Kronenberg, who formerly lived in Mobile, Ala., personally; but my mother did." The following parts of his interrogatories were stricken on motion of the defendant: "My mother used to speak of her to us children, and frequently to remark that her sister was in the United States, and she received letters from her. From documents in the English language which I have seen, and which were correctly translated to me, I know that Magdalena Kronenberg's maiden name was Ritter, and that she was married to Edward Kronenberg in 1858 in Mobile by J. R. Eastburn, a justice of the peace. From such documents I know that Magdalena Kronenberg, born Ritter, died in July, 1865, at 48 Spring Hill Road, Mobile, Ala. Magdalena Kronenberg (or Madeline as I understand it to be in English) left no issue of her body, but surviving her remained the following: Myself, my brother Simon, and Rudolph Scheidegger, we being nephews of the deceased, Magdalena Kronenberg, and Elizabeth Ritter, also a niece. My mother, who was a sister of Magdalena Kronenberg, and Elizabeth Ritter, whose father was a brother of Magdalena Kronenberg. My mother and her father are both deceased. The three persons above named, together with myself, are next of kind to the deceased, Magdalena Kronenberg. Magdalena Kronenberg's maiden name was Ritter, and her father, Ulreich Ritter, baptized at Trachselwald, October 19, 1789, and who was buried there April 4, 1837. Her mother was Maria Zur-

cher, baptized at the same place October 13, 1799. Magdalena Kronenberg, born Ritter, was baptized at the same place July 11, 1824." Rudolph Scheidegger answered the interrogatories in practically the same manner as did the other witness, and the answers to the above interrogatories above set out were suppressed. The testimony of Johann Baertschi was that he answered from English documents translated to him. He also testified that with the intimate family relationship between himself and the family of Ritter, he did not know the original Magdalena Kronenberg. All this testimony having been suppressed, the plaintiff took a nonsuit, with bill of exceptions.

ERVIN & McALEER, and JOHN R. THOMPKINS, for appellant.—As to pedigree hearsay testimony is admissible.—Wigmore on Evidence, sec. 1480; 1 Greenleaf on Evidence, 114; 1 Rice on Evidence, 413; *Rowland v. Ladiga,* 21 Ala. 9; *Cherry v. The State,* 68 Ala. 30; *Elds v. The State,* 124 Ala. 70. The rule as to filiation is laid down in *Weatherford v. Weatherford,* 20 Ala. 554; see also 15 A. & E. Ency. of Law (2nd Ed. p. 315). The declarations of a person since deceased that he was going to visit relatives at a certain place are admissible to show that the family had relatives there.—1 Greenleaf (6th Ed.) 201.; *Russellton v. Nesbit,* 2 M. & R. 554. We, therefore, insist that the court erred in suppressing the deposition.

GREGORY L. & H. T. SMITH, and STEWART BROOKS, for appellee.—As to genealogy hearsay evidence is never admissible except to prove declaration of deceased persons.—*White v. Strother,* 11 Ala. 724. A witness cannot give his opinion of the effect of the declaration but can noly repeat the declarations as made.—*Rogers v. Debardeleben,* 97 Ala. 156; *Cherry v. The State,* 68 Ala. 29; 1 Greenleaf, 103; Taylor on Evidence, 648; 16 Cyc. p. 1123 and 1130. A witness not a member of the family cannot tetsify at all as to the family reputation.—16 Cyc. 1224 and 1233. It must affirmatively appear that the declarant actually knew the facts.—16 Cyc. 1229. It is within the discretion of the nisi prius court to grant

or refuse a continuance.—*Humes v. O'Brien,* 74 Ala. 78; *Spann v. Torbitt,* 130 Ala. 541; *Stephens v. The State,* 138 Ala. 72; *Kroell v. The State,* 139 Ala. 11.

SIMPSON, J.—This is an action of ejectment (under the statute) for the recovery of certain real estate, the plaintiffs claiming as the heirs of one Madeline Kronenberg, wife of Edward Kronenberg. The point of contention is whether or not said Madeline Kronenberg is identified as the same person as Madeline Ritter, who left Switzerland years ago and came to the United States. The court below excluded certain parts of certain depositions, a nonsuit was taken, and this appeal thereon.

The contention of the appellant is that those parts of the depositions which were suppressed should have been admitted, under the rules of law, which permit hearsay testimony to a certain extent in matters of pedigree. The principles of law are few and well understood on this question, to-wit: That, in matters of pedigree, the general repute in the family may be testified to by a member of the family; also that declarations by the deceased himself, and declarations by persons who are shown by other evidence to be members of the family, may be proven, provided such members are dead. Such declarations by members of the family must be made, either upon what said members know to be the general repute in the family, or on what said members have heard other members of the family say. A declaration which merely expresses information collected from persons not qualified to be declarants, or from other sources than family tradition, or the statements of other members of the family who knew the facts, is not admissible. It is also true that, where a delcaration of a member of the family is sought to be proved, the declaration itself should be proved, and not the declaration of the witness from it.—1 Elliott on Evidence, §§ 336, 371; *Stein v. Bowman,* 13 Pet. (U S.) 209, 10 L. Ed. 129; *Chapman v. Chapman,* 2 Conn. 347, 7 Am. Dec. 277; *Jackson v. Browner,* 18 Johns (N. Y. 37; *Wise v. Wynn,* 59 Miss. 588, 42 Am. Rep. 381; *Young v. State,* (Or.) 59 Pac. 812, 47 L. R. A. 548; 16 Cyc. 1130, 1228, 1229;

22 Ency. Law, pp. 641, 642, 650; *In re Hurlburt's Estate*, 68 Vt. 366, 35 Atl. 77, 35 L. R. A. 794, 800; *Rogers v. De Bardeleben Coal & Iron Co.*, 97 Ala. 154, 156, 12 South. 81.

The testimony of Frederick Scheidegger shows that he had no personal knowledge at all of Magdalena Ritter, or of Madeline Kronenberg. While he states that his mother used to "speak of her to us children," yet, when he came to relate what his mother actually said, it was simply that "her sister was in the United States," and that she "used to receive letters from her." There is no fact in his testimony, no repute in the family, and no declaration of any member of the family, which tends to show that Magdalena Ritter and Madeline Kronenberg were one and the same person. He states distinctly that his knowledge of the fact that Madeline Kronenberg's maiden name was Ritter and that she married Kronenberg was from the documents from Mobile in the English language, which has been translated to him. Hence these parts of his testimony noted as "stricken," being evidently derived from these sources, were properly suppressed.

The point of the third ground of objection to this testimony is not that the person making the declarations, to-wit, the mother of the witness, is not shown to be a member of the family of Madeline Kronenberg, for, of course, that is the thing to be proved by the statements, and it would be only necessary to show that the declarant was a member of the family to which it is sougtht to attach Madeline Kronenberg by her statements; but the point is that the "hearsay statements do not consist of declarations" of such a person having knowledge of the facts. If the witness had testified that he had often heard his mother say that she had a sister living in Mobile, Ala., whose name was Madeline Kronenberg, and that her husband was named Edward Kronenberg, and that they called her Madeline, in English, in place of Magdalena, as she was originally called, then that would have been properly admitted as a statement of a member of the family; but, as before shown, the witness does not testify to any such statements, but only to his own inferences that Madeline Kronenberg was

[Buford v. Christian.]

"born Ritter," etc., because his mother said that she had a sister in the United States and he had seen certain translations of English documents from Mobile.

Under the same principles, those parts of the testimony of Rudolph Sheidegger hereinbefore noted as "suppressed" were properly excluded by the court, as were also those portions of the deposition of Johann Baertschi noted herein as "suppressed."

These are all the points noted in the brief of appellant.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.