# McBride v. Sullivan.

*Contest of the Probate of Will.*

(Decided Feb. 6th. 1908.　45 So. Rep. 902.)

1. *Appeal; Record; Bill of Exceptions; Signing.*—Where the record shows that an order extending the time for signing the bill of exceptions was made by the judge, and sets out the order. and the judge in certifying the record specifically mentions the decree ex

[McBride v. Sullivan.]

tending the time for signing the bill of exceptions, the bill of exceptions will not be stricken because not signed within twenty days and because it does not show that the time was extended by the judge in writing.

2. *Witnesses; Examination; Re-direct Examination; Discretion of Trial Court.*—Where a witness testified on the cross to the writing of a letter shown her, and was examined on redirect as to it, it was in the sound discretion of the trial court whether it would allow her to be recalled for the purpose of another examination as to that matter.

3. *Will; Probate; Trial; Instructions.*—A charge asserting that if any theory consistent with the validity of the will can be suggested which appears to be as probable as the theory on which the contention of its invalidity is based, the will must be maintained, is erroneous, since the theory adopted must not only be consistent with the validity of the will but also consistent with the evidence.

4. *Same; Testamentary Capacity; Degree of Mental Capacity.*—A person possesses sufficient testamentary capacity if he has mind enough to know what property he possesses, remembers the name of the beneficiary, his relationship to such beneficiary, and to understand what disposition of his property he was making by the will. As a general rule it is not necessary to the validity of a will that the testator should have been in possession of his full, unimpaired mental faculties.

5. *Same; Insane Delusions.*—To establish the invalidity of a will on account of insane delusions something more must be shown than that the testator had mistaken notions as to the feelings or intentions of his relatives towards testator and his property

6. *Same; Establishment; Burden of Proof.*—Where a will is contested for want of testamentary capacity, the burden is upon the contestant to show incompetency at the time the will is made; and when insanity of a fixed and permanent nature is proven, it is presumed to continue, and the burden is shifted to the proponent to show the existence of lucid interval at the time of the execution of the will, and this burden is not carried nor the burden shifted to the contestant by showing that at times he was wholly insane and at others had sufficient mental capacity.

7. *Trial; Instructions; Duty to Request.*—If a party to a suit deems a charge given for his adversary misleading, it is his duty to request an explanatory charge.

8. *Bastards; Legislation; Marriage of Parents; Reputed.*—The object of section 364, Code 1896, is to enable parents by marrying to clothe their offspring with legitimacy, and the publication of the parentage of the child before marriage is unnecessary; if the child is regarded by the parents, either before or after marriage, as their child, it is legitimate, the use of the word reputed, as applied to the father being merely to dispense with absolute proof of paterity.

9. *Evidence; Weight; Sufficiency.*—A charge requiring proof of an issue by a preponderance of the evidence, requires a too high degree of proof, and is erroneous.

10. *Trial; Instructions; Invading Jury's Province.*—A charge which sets out certain facts as of themselves raising a strong presumption

of the testamentary capacity of the testator at the time of the execution of the will, is invasive of the province of the jury, and erroneous.

APPEAL from Mobile Probate Court.

Heard before Hon. PRICE WILLIAMS, JR.

Application by George J. Sullivan, executor, for the probate of the will of Joseph Hastings. From a decree admitting the will to probate, Nannie McBride, contestant, appeals. Reversed and remanded.

George J. Sullivan filed for probate the will of Joseph Hastings. Under the terms of the will he was made the executor of said will, which directed that the debts of decedent be paid and that all of his property of every kind and description should go to his nephew, Warren Hastings. Nannie McBride, who alleges that she is the daughter and only heir at law of Joseph Hastings, and would be the sole heir of his estate if he had died intestate, filed a contest on the ground that at the time of the making of said will the said Joseph Hastings was not of sound mind and was mentally incapable of making any disposition of his property when the will was made. Issue was tendered as set out above, and upon a submission of the cause to a jury a verdict was rendered declaring the instrument in writing to be the last will and testament of Joseph Hastings. The exceptions to evidence sufficiently appear in the opinion.

The following charges were given at the request of the proponent:

"(1) The court charges the jury in this case that, if any theory consistent with the validity of the will can be suggested which appears to them to be as probable as the theory on which the contention for the invalidity is based, the will as presented must be maintained, and the jury should find that said instrument is the last will and testament of Joseph Hastings, deceased.

[McBride v. Sullivan.]

"(2) It is not necessary to the validity of the will of Joseph Hastings, propounded for probate, that he should, at the time that he executed it, have been in the possession of his full, unimpaired mental faculties. It is sufficient if he had mind and memory enough to know what property he possessed, and remembered the name of the beneficiary therein and his relationship, and to understand the disposition of his property he was making by the will."

"(4) If the testator was at the time wholly insane, so as not to know the subject-matter under discussion, but at other times had a sufficient mental capacity to understand and know what he was doing, then the burden is upon the contestant, in order to defeat the probate of the will, to show that at the particular instant when the will was executed the testator did not have sufficient mental capacity to know and understand what he was doing."

"(8) The burden is upon the contestant to reasonably satisfy the jury that at the time that Joseph Hastings married Mrs. Tabitha Scott that he was the reputed father of contestant, and if the evidence fails to reasonably satisfy them of this fact they ought to find in favor of the proponent of the will.

"(9) The court charges the jury that if the contestant, Mrs. Nannie McBride, has failed to reasonably satisfy them by a preponderance of the evidence that at the time of his marriage to Tabitha Scott Joseph Hastings was the reputed father of Tabitha's daughter Nannie, then, if the jury believe from the evidence that the paper propounded as the will of Joseph Hastings was signed by him, or some person in his presence and by his direction, and was attested by two witnesses in his presence, who subscribed their names thereto as witnesses, then the jury should return their verdict that said paper is the will of Joseph Hastings, deceased.

[McBride v. Sullivan.]

"(10) If the jury are reasonably satisfied from the evidence that the testator in May, 1906, directed his attorney to draw his will appointing such attorney as executor without bond and giving his entire estate to the testator's nephew, Warren Hastings, and on the day of the execution of his will remembered that he had given such instructions through his attorney, and asked him if he had drawn the will, and to bring it to him for execution, and that the attorney at once brought it to him for execution, and the testator then directed him to get certain named persons, who were friends of the testator, as witnesses, but subsequently consented to the substitution of other witnesses, and immediately thereafter executed the instrument propounded for probate, then these facts of themselves raise a strong presumption that the testator, at the time he executed the will, had full capacity to do so."

MCALPINE & ROBINSON, for appellant. Under the circumstances in this case, Nannie McBride should have been permitted to explain her reasons for not having written the letter introduced in the usual way.—*Coleman v. Pike County,* 83 Ala. 326; *Wisdom v. Reeves,* 110 Ala. 418. The letter was brought in collaterally and so may be explained.—*Smith v. Mayfield,* 163 Ill. 447; 1 Elliott on Evi. sec. 577. The court erred in giving charge 1 at the request of the proponent.—*Smith v. Jernigan,* 83 Ala. 256. The same may be said of charge 2. The giving of charge 4 was error.—*State v. Wilner,* 40 Wis. 304; *Pike v. Pike,* 104 Ala. 642; 16 A. & E Ency of Law, 605. The court erred in giving charge 9, for the proponent.— Sec. 364, Code 1896. Charge 10 was error.—*Duboe v. The State,* 120 Ala. 300; *Carter v. The State,* 32 Ala. 429; *Frazer's Exe. v. Prator,* 36 Ala. 691; *Higginbotham v, Higginbotham,* 106 Ala. 314.

GREGORY L. & H. T. SMITH, for appellee. The decla-
ration of the person sought to be introduced to show the
relationship between decedent and proponent were not
admissible.—*Flora v. Anderson,* 75 Fed. 234. The ex-
tent to which a witness may be examined upon being
recalled is discretionary.—*Crawford v. The State,* 112
Ala. 21; *Morrisette v. Wood,* 123 Ala. 384. It was not
competent for witness to give her motive for writing
the letter.—*L. & N. v. Banks,* 132 Ala. 473; *Burkes v.
Bragg,* 89 Ala. 204; *Williams v. The State,* 123 Ala. 41.
Ability to transact business is not the standard by which
the law gauges a person's competency to execute a will.
—*Taylor v. Kelly,* 31 Ala. 59; *O'Donnell v. Rodiger,* 76
Ala. 227; *Berney v. Torrey,* 100 Ala. 157; *Murphy v.
Senn,* 107 Ala. 424. The court did not err in giving
charge 1.—*Murphy v. Senn, supra; Johnson v. Arm-
strong,* 97 Ala. 731; *Saxon v. Whittaker,* 30 Ala. 237.
On the authorities last above cited and the authorities
cited previous thereto the court properly gave 2 and 4.
Charge 8 was properly given, sec. 364, Code 1896.
Charge 10 was properly given.—*Roberts v. Trawick,* 13
Ala. 83; *Couch v. Couch,* 7 Ala. 519, and authorities
supra.

SIMPSON, J.—This is an appeal by the contestant,
in a proceeding in the probate court to admit to probate
the will of Joseph Hastings, deceased. The point is
made by the appellee that, as the bill of exceptions was
not signed within 20 days and the bill of exceptions does
not show that the time was extended by the judge in
writing, it cannot be considered. This point is not well
taken, as the record states that the order extending the
time was made by the judge, and sets out the order, as
made, extending the time until May 2, 1907, and the
certificate of the judge to the correctness of the record

specifically enumerated, among other matters of record, the decree "allowing further time for filing bill of exceptions."

The first assignment of error insisted on by the appellant is No. 8, to the action of the court in sustaining the objection to the question to the witness McBride as to whether she addressed the letter to Hastings as she always spoke to him, and, if not, why. This witness had been examined in chief, and on cross-examination had been asked if a letter shown to her was written by her, which she answered in the affirmative, after which she was further examined on redirect examination, and she had also testified as to what she usually called Hastings; and on the next day she was recalled, when this question was propounded to her. The letter does not appear in the record. It rested within the discretion of the court as to whether any further examination should be permitted on that subject.

The court erred in giving charge No. 1, on the request of the proponent. The charge authorizes the jury to adopt any theory which may be suggested, whether supported by the evidence or not. The jury cannot travel beyond the evidence, in order to determine what is probable. The theory should be, not only consistent with the validity of the will, but consistent with the evidence. The jury cannot supply "missing links in the testimony by mere conjecture."—*Smith, Poley & Co. v. Jernigan.* 83 Ala. 256, 259, 3 South. 515. The charge also invades the province of the jury.

Charge No. 2, given at the request of the proponent, states a correct principle of law.—*Taylor v. Kelly,* 31 Ala. 59, 68 Am. Dec. 150; *Stubbs v. Houston,* 33 Ala. 555, 566; *O'Donnell v. Rodiger,* 76 Ala. 223, 52 Am. Rep. 322; *Kramer v. Weinert,* 81 Ala. 414, 416, 1 South. 26; *Burney v. Torrey,* 100 Ala. 157, 14 South. 685, 46 Am.

St. Rep. 33; *Eastis v. Montgomery,* 95 Ala. 486, 490, 494, 11 South. 204, 36 Am. St. Rep. 227; *Bulger v. Ross,* 98 Ala. 267, 271, 12 South. 803; *Schieffelin v. Schieffelin,* 127 Ala. 16, 37, 28 South. 687. There is no evidence tending to show any such insane delusion as would call for an exception to this general rule. "To establish an insane delusion on the part of the testator, such as will invalidate a will, something more must be shown than a mistaken notion on his part as to the feelings or intentions of his relatives towards him or his property."— *Hall's Heirs v. Hall's Ex'rs* 38 Ala. 131, 134; *Mosser v. Mosser's Ex'r,* 32 Ala. 551, 555, 556; 1 Jarman on Wills (6th Ed.) p. 50, *38. It is not shown whether the impression which it is claimed the testator had about Mc-Bride's desires as to his property were formed on reasonable grounds or not. It is not shown by evidence that it was a delusion at all, much less an insane delusion. There was no error in the giving of said charge No. 2.

There was no error in the giving of charge No. 4, at the request of the proponent. In the outset the burden is upon the contestant to show incompetency at the time of the making of the will and it is true that, when he has proven insanity of a permanent and fixed nature, it is presumed to continue, and the burden would be upon the proponent to show the existence of a lucid interval at the time of the execution of the will; but the burden is not shifted by showing merely that he "was at times wholly insane, 　*　*　*　but, at other times, had sufficient mental capacity."—*Saxton and Wife v. Whitaker's Ex'r,* 30 Ala. 237; *O'Donnell v. Rodiger,* 76 Ala. 223, 227, 228, 52 Am. Rep. 322; *Eastis v. Montgomery,* 95 Ala. 486, 490, 494, 11 South. 204, 36 Am. St. Rep. 227; *Johnson v. Armstrong,* 97 Ala. 731, 736, 12 South. 72; *Murphree v. Senn et al.,* 107 Ala. 424, 428, 18 South. 264. If the con-

testant thought this charge to be misleading, as emphasizing the particular instant of the execution of the will, she could have asked an explanatory charge.

The court erred in giving, at the request of the proponent, charge No. 8. The whole object of the enactment of section 364 of the Code of 1896 was to enable parents to repair the wrong they had done, by marrying and thus clothing their offspring with legitimacy. There could have been no intention to require them to publish their shame before marriage, so as to make their child legitimate by marriage. The use of the word "reputed" was intended merely to dispense with absolute proof of paternity, so that, if the child is "regarded," "deemed," "considered," or "held in thought," by the parents themselves, as their child, either before or after marriage, it is legitimate. This is shown by their treatment of the child after marriage, as well as before. It is a matter that concerns only the child and themselves, and it could make no difference, in effectuating their intentions, whether or not, before their marriage, the public had been made aware of the paternity of the child, so that it could be said to have been "reputed," in the sense of being generally considered by the public, as their child.

Charge No. 9 was also improperly given. In addition to what has been said, the requirment of "preponderance of the evidence" has been frequently condemned by this court.—*Southern Railway Co. v. Riddle,* 126 Ala. 244, 28 South. 422.

Charge No. 10, given at the request of the proponent, was an invasion of the province of the jury, and should have been refused.—*Carter v. State,* 33 Ala. 429; *Frazier's Ex'r v. Praytor,* 36 Ala. 692, 695; *Crosby v. City Council of Montgomery,* 108 Ala. 499, 508, 18 South. 723; *Higginbotham v. Higginbotham,* 106 Ala. 315, 318,

[Hodge, et al. v. Rambo.]

17 South. 516; *Du Bose v. State,* 120 Ala. 300, 302, 25 South. 185.

The decree of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur.