# Lay *v.* Fuller, *et al.*

## *Ejectment.*

(Decided June 13, 1912.  59 South. 609.)

1. *Adverse Possession; Elements; Possession Originally Permissive.*—Where adverse possession is relied on, and it is shown that the holding was originally permissive, claim of title to the land by such permissive holder is not sufficient to change the nature of his possession, unless his disclaimer and disavowal of the title of the owner was brought to the owner's knowledge.

2. *Same; Color of Title; Conveyance.*—Where a defendant sets up the adverse possession of a grantor, evidence of the conveyance

[Lay v. Fuller, et al.]

is admissible in ejectment to show color of title, extent of possession and improvement, although such grantor did not hold adversely.

3. *Descent and Distribution; Heirship; Filiation.*—The relation of parent and child, filiation, may be established by proof that the child has always borne the name of the father with whom he claims that relation and that the father has treated him as his child.

4. *Same; Legitimacy.*—General reputation and common report in the neighborhood· is admissible to prove the relationship of parent and child and legitimacy.

5. *Same; Presumptions.*—Where filiation is established the law raises the presumption of legitimacy, and the burden of proof is on the one asserting the contrary.

6. *Same; Evidence.*—In this case, the evidence is examined and held to conclusively establish both filiation and legitimacy, the action being ejectment, and the issue being plaintiff's heirship.

7. *Charge of Court; Comment on Evidence.*—Where plaintiff's heirship was an issue and several witnesses testified to plaintiff's relationship to the previous owner, a charge that the only evidence as to plaintiff's heirship was that of one witness, is an improper comment on the evidence.

8. *Same; Credibility of Witnesses.*—However thoroughly a witness may be impeached his credibility at last is for the jury, and it is improper to charge the jury to disregard his testimony, if reasonably satisfied that he has been successfully impeached.

9. *Ejectment; Evidence.*—In ejectment, where the land had been conveyed to defendant by persons in possession without title, the transactions between defendant and such person are not admissible against the plaintiff.

10. *Appeal and Error; Harmless Eror; Evidence.*—Where a defendant had acquired land from those in possession without title the admission of evidence, in an ejectment suit, that defendant had paid money for their deeds was not harmless.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

Ejectment by Mary E. Lay against Charles L. Fuller and others. Judgment for defendant and plaintiffs appeal. Reversed and remanded.

STROTHER, HINES & FULLER, for appellant. Evidence establishing the relation of parent and child between plaintiff and the former possessor· of the land was one of the facts necessary to be proven, and this fact could

be proven by general reputation in the community of such relationship, and that it was so recognized by the father and child. To render a deed competent as a muniment of title the party offering it must show a chain of title back to some person in possession or to the government.—*Driver v. King,* 145 Ala. 585; *Jackson L. Co. v. McCrary,* 137 Ala. 278; *Florence B. & L. Assn.* v. Chall, 107 Ala. 531. Counsel discuss other assignments of error relative to evidence, and insist that under the evidence plaintiff was entitled to a judgment as a matter of law for the land. Charge 3 requested by defendant should have been refused.—*T. C. & I. Co. v. Gandy,* 160 Ala. 594. The credibility of the witness is for the jury, and the court should not have instructed them to disregard Gilbert's testimony if they believed he had been impeached.

N. D. DENSON, for appellee. It was competent for defendant to show how he was claiming, and that he was claiming as a purchaser under color of title.—*Hancock v. Kelly,* 81 Ala. 368; *E. & P. Mfg. Co. v. Gibson,* 62 Ala. 269; *Baron v. Baron,* 122 Ala. 194. It is competent for defendant to show that he paid for the deeds as showing him to be a purchaser for value.—*Baron v. Baron, supra; Dorlan v. Wescovitz,* 140 Ala. 283. It was competent to show the transaction between the purchaser and his vendor notwithstanding his vendor may have had no title.—*Pearson v. Adams,* 129 Ala. 157. Under the evidence defendant showed adverse possession and was entitled to the affirmative charge, and hence, the case should be affirmed.—*Mizell v. So. Ry.,* 132 Ala. 504.

SOMERVILLE, J.—The action is one of ejectment brought by Mary E. Lay against Fuller and others.

[Lay v. Fuller, et al.]

The documentary evidence adduced by plaintiff conclusively shows that the land sued for belonged, after October 13, 1852, to one William H. Gilbert, who died some 20 years before this action was begun; and, unless his title was afterwards divested by adverse possession and the statute of limitations, the land now indisputably belongs to his legal heir or heirs, so far as the bill of exceptions shows.

The plaintiff, Mary E. Lay, claims as the daughter and heir of said W. H. Gilbert; while defendant claims as purchaser by deed from Ann D. Gilbert and her son, W. H. Gilbert.

It is not pretended that this W. H. Gilbert owned or claimed any interest in the land. Ann D. Gilbert's relation to the land is thus stated in her own language as a witness for plaintiff: "I have lived on said land over 50 years. My father and mother and brothers and sisters, we remained in possession over 50 years of said land. I went out of possession of said land 5 years ago. My brother, William H. Gilbert, gave me possession, and I took possession on his consent. William H. Gilbert owned said land at the time I took possession. He lived on the land when my father and mother went there. No; I never claimed said land as my own. I never had any agreement with any one when I was in possession of said land. William H. Gilbert made an agreement with my younger brother, A. T. Gilbert, in regard to the land, and A. T. Gilbert lived there until he married and left me on the land; and he continued to keep up the taxes for several years after he left the place. Then myself and my two oldest sisters were left on the place. No; never had any deed nor paid any purchase money for said lands, and I never claimed said lands." This witness' son, W. H. Gilbert, testifying as a witness for defendant, stated that while his

said mother was on the land he had heard her say "it was hers and her sisters';" and defendant's witness Meadors stated that at the time Ann D. Gilbert executed the deed to defendant, in December, 1907, she said the land was hers.

It thus appears that Ann D. Gilbert's possession was permissive in its inception, and at all times in strict subordination to the title of the owner, her brother, W. H. Gilbert. It does not exhibit a single element of adverse possession, and hence could never ripen into title. If it be urged that she, at some indefinite time during her occupancy, claimed that the land was hers, and repeated the claim when she made the deed to defendant in 1907, this nevertheless falls very far short of even tending to show a status of adverse holding against her brother, or his legal heirs.—*Potts v. Coleman,* 67 Ala. 221, 227. And, even if it might in ordinary cases suffice to do so, it would be wholly inefficacious here; for an actual permissive occupant cannot convert a permissive possession into a hostile and adverse possession, except by a clear, positive, and continuous disclaimer and disavowal of the title of the owner, and the assertion of a title hostile to him, and brought to his knowledge.— *Collins v. Johnson,* 57 Ala. 304, 308; *Jones v. Pelham,* 84 Ala. 208, 4 South. 22. Without this. the length of the occupancy is immaterial, and does not affect the title.—*Tillotson v. Kennedy,* 5 Al.a 407, 39 Am. Dec. 330. There is nothing in this record from which any sort of inference can arise that these isolated, private declarations of Ann Gilbert were brought home to the knowledge of her brother, the acknowledged owner, by whose permission and consent she occupied the land, or to his alleged daughter and heir.

It is clear, therefore, that Ann Gilbert's deed to defendant passed no title to him, unless she is an heir at

law of her brother, William H. Gilbert. And, if plaintiff is his legitimate daughter, this alternative is, of course, excluded.

This deed to defendant was, however, admissible in evidence on his suggestion of three years' adverse possession and valuable improvements, not as a muniment of title, but as color of title to show the extent of his possession. But its use should be limited to that consideration alone.

It results from what we have said that plaintiff was entitled to recover this land, if she established her heirship to the former owner, William H. Gilbert, her alleged father.

Filiation, the relation of parent and child, may be established "by a satisfactory combination of facts indicating the connection of parent and child between an individual and the family to which he claims to belong." "The principal of these facts are said to be that the individual has always borne the name of his father to whom he claims to belong; that the father has treated him as his child, and in that character has provided for his education, his maintenance, and his establishment; that he has been uniformly received as such in society; and that he has been acknowledged as such by the family."—*Weatherford v. Weatherford,* 20 Ala. 548, 56 Am. Dec. 206.

And, it may be added, the general reputation and common report of the neighborhood, as well as in the family, is admissible to show both filiation and legitimacy.—5 Cyc. 630, 3, and cases cited. If filiation is established, the law raises the presumption of legitimacy, and the burden of proof is on the party who asserts illegitimacy to prove it.—*Weatherford v. Weatherford,* 20 Ala. 548, 56 Am. Dec. 206.

[Lay v. Fuller, et al.]

Excluding from consideration entirely the testimony of W. R. Gilbert, one of plaintiff's witnesses on this issue, and whose credibility was strongly impeached, we are constrained to the view that the whole evidence shows, without dispute, that plaintiff is the daughter and heir of William H. Gilbert.

Ann D. Gilbert, his sister, testified: "I know of Mary E. Lay, but not personally acquainted with her. She resides in Mississippi. She is the daughter of William H. Gilbert." The relationship is stated as a fact, and the verity and conclusiveness of the statement are not tested by any cross-examination of the witness by defendant. We cannot agree to the argument of counsel that the statement appears to be but hearsay; and, if it were, it might still be legitimate evidence, and perfectly satisfactory in character, and, if not disputed, conclusive of the fact of filiation. For a sister is more than likely to know of such a fact—if not by direct means, at least through the usual channels of family intercommunication and report. We are therefore of the opinion, on the evidence before us, that plaintiff was entitled to the general affirmative charge, as requested, and that the trial court erred in not instructing the jury to find for plaintiff for the lands sued for, if they believed all the evidence.

At the request of defendant, the court instructed the jury as follows: "The only evidence in this case as to the heirship of the plaintiff is that which was given by the witness W. H. Gilbert; and if the jury are reasonably satisfied from the evidence that said witness has been successfully impeached the jury may not consider the evidence of said witness." This charge is manifestly bad, first, in declaring there was no other evidence of plaintiff's heirship than that of W. H. Gilbert; and, second, because it wholly excluded the tes-

timony of the witness from the consideration of the jury, if he was successfully impeached, and, in effect, instructed the jury to find for defendant. No matter how thoroughly impeached a witness may be, his credibility is for the jury alone to determine; and they cannot properly be instructed to disregard his testimony.

The fact that defendant executed certain papers to his vendors, Ann D. and W. H. Gilbert, or that he paid a sum of money, at their request, to a creditor of theirs as part of the purchase consideration, or, in short, any transaction between those persons, not in the presence of plaintiff nor inspired by her, was not relevant to any issue material to the determination of the case, and should have been excluded. Nor are we able to affirm that the admission of these facts for the consideration of the jury could not have prejudiced the jury unfavorably to the rights of plaintiff.

We deem it unnecessary to consider other assignments of error based on rulings upon the testimony, as the questions may not recur on another trial.

For the errors pointed out, the judgment will be reversed and the cause remanded.

Reversed and remanded. All the Justices concur.