(124 So. 80)

## MOORE v. TERRY.   (4 Div. 425.)

Supreme Court of Alabama. Oct. 10, 1929.

Huey & Huey, of Enterprise, for appellant.

J. C. Fleming, of Elba, for appellee.

FOSTER, J.  Appellee claims an undivided one-eleventh interest in lands of Charles Moore, deceased, by virtue of her claim of inheritance as his child, and the circuit court so decreed.

There is a controversy as to whether she was his child. There is no question but that appellant was a son of the deceased Moore, and has purchased the interest of all the heirs of deceased, other than appellee. The evidence for appellee shows that Charles and Millie Moore (colored) were married February 13, 1870, and that appellee was born of Millie several months (three or four) thereafter (some say in September), and that after her birth Charles recognized her as his child along with the other ten as they came into the family; that he cared for her in every respect as his own, showing no difference between her and the others, that she was known and called by his surname, and she called him "pappy," in all respects as the other children; that he was present at her marriage and aided in procuring the license, and the record of it shows his personal consent as her father; that he gave her some items of property on leaving the family, and later she returned on separation from her husband, where she remained several years until she married again.

The evidence for appellant tends to show that she was born before the marriage; that Charles was not her father, but he was a white man; that she was the only mulatto among Millie's children, and had straight hair; and that his conduct toward her was only out of the goodness of his heart, and did not call her his child, but on one or two occasions denied his paternity. Charles' hair was straight, and so was that of one of the other children.

■ We are inclined to accept, as better supported by the evidence, the testimony sustaining the essential features of appellee's contentions. This was the view reached in the circuit court. The effect of such conclusion leads to the result that the decree was properly favorable to appellee.

■ A bastard who is not legitimated may only of course inherit from his mother or her descendants, even though his paternity is satisfactorily shown. Sections 7371, 7372, Code. These are two of the statutes which control descent and distribution in this state. All must be taken together in pari materia. Foster v. Lee, 172 Ala. 32, 55 So. 125, Ann. Cas. 1913C, 1335. There are only two methods by which a bastard may be legitimated so as to inherit from one as his father. They are both provided by statute. Sections 9299 and 9300, Code. Lingen v. Lingen, 45 Ala. 410; Butler v. Elyton Land Co., 84 Ala. 384, 4 So. 675; Foster v. Lee, supra.

■ It is not claimed that Charles made and filed the declaration provided by section 9300, Code. But as Charles and Millie married, the question is, Did Charles recognize appellee as his child, according to the requirements of section 9299, Code? Such recognition is indispensable and is usually shown by the manner of treatment. McBride v. Sullivan, 155 Ala. 166, 174, 45 So. 902; Lingen v. Lingen, supra; Lay v. Fuller, 178 Ala. 375, 59 So. 609.

■■ If such be the fact, the result follows that appellee became legitimated as a child of Charles for the purpose of inheriting as much so as any other child, and the common law relating to bastards in that respect no longer controls in the descent and distribution of the estate of Charles respecting the rights of appellee. But the right of inheritance is then controlled by the applicable statute. Hunter v. Whitworth, 9 Ala. 965. The result does not depend upon a conclusion that Charles was in fact the father of appellee. There may be some improbability as to this, growing out of her color, as distinguished from that of the other children. But it is not impossible that a mulatto may be so born. The color of Charles and Millie is not shown. But by reason of the fact that Charles had straight hair, it may be inferred that he had a strain of white blood.

■ The word "reputed" in section 9299, Code, is held to be equal to "regarded," "deemed," "considered," or "held in thought" by the husband and wife as their child either before or after marriage. It is, by marriage and such recognition, legitimated. McBride v. Sullivan, supra.

The same result follows from any conclusion as to the date of her birth. For though we assume as true the version of the evidence tending to show her birth before marriage, and with a white man as father, under the statute she became legitimated as his (Charles) child, following the conclusion that she was recognized by Charles as such and that he married her mother. We think the evidence clearly shows that he did both.

The decree of the circuit court is supported by the conclusions of law and fact which we have stated, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.