171 So. 734

## MARTIN et al. v. MARTIN.

### 5 Div. 220.

Supreme Court of Alabama.

Jan. 7, 1937.

Lawrence F. Gerald, of Clanton, for appellants.

Reynolds & Reynolds, of Clanton, for appellee.

THOMAS, Justice.

The errors assigned challenge the correctness of the final decree rendered.

The question of fact to be determined is the parentage of the parties before the court as affecting the right of inheritance to certain lands owned by George Martin. The trial court decided this fact in favor of the appellee.

As declared in the recent case of Williams et al. v. Dent (Ala.Sup.) 170 So. 202, 203 [1]: "Since the passage of the act of 1915 (Gen.Acts 1915, p. 594; Sec. 10336 Michie's Code), it has not been the policy of this court to enter into a detailed discussion of the evidence (Caples et al. v. Young et al., 206 Ala. 282, 89 So. 460), nor would it here serve any useful purpose." This course will be pursued in the instant case, as to a discussion of the voluminous evidence adduced.

It should be stated that appellee's amended bill was to quiet title to the lands; averred facts to show that appellee was the legitimate heir and distributee of the estate of George Martin; that appellants are not the legitimate heirs of said Martin; and prayed judgment declaring the sole heirship in the complainant as against the respondents. Appellants answered, denying the averments of the amended bill, and sought a decree declaring a joint ownership in the lands, and prayed that partition be effected.

The undisputed facts of the case are that Martha Louisa Martin gave birth to three children out of lawful wedlock; married George Martin many years ago. That at the time of such marriage, appellant Robert L. Martin was about 15 years of age and the oldest of the three boys; Charles W., the other appellant, was about 10 years of age; and appellee, E. E. Martin, about 5. That George and Martha Louisa Martin died intestate before suit was brought, and had no other children or heirs. There was positive evidence, and knowledge of common repute, tending to show that one Frank Ross was the father of Robert L. Martin, one Sam Curry the father of Charles W. Martin, and that George Martin was the father of appellee, E. E. Martin; that after the marriage of their mother the three boys lived to a majority in the house of George and Martha Louisa Martin, and were provided with board, lodging, clothing, and other necessities of life.

There was conflict in the evidence, as to who was the natural father of the appellee, E. E. Martin, as to recognition by the reputed father; there were declarations of parentage by George and Martha Louisa Martin; as to personal characteristics and resemblance of appellee to George Martin, supported by witnesses testifying as to facts, and "common repute in the neighborhood." The weight of this evidence was in favor of the fatherhood and recognition by the "reputed father" of appellee, E. E. Martin.

We have indicated that general reputation and common report in the immediate neighborhood, as well as in the families of the parties, are admissible to show affiliation and legitimacy. Lay v. Fuller et al., 178 Ala. 375, 59 So. 609; Moore v. Terry, 220 Ala. 47, 124 So. 80; Duncan et al v. Watson, 198 Ala. 180, 73 So. 448; Henry et al. v. White et al., 224 Ala. 427, 140 So. 391; Scheidegger et al. v. Terrell, 149 Ala. 338, 43 So. 26; Landers v. Hayes, 196 Ala. 533, 72 So. 106; 7 C.J. page 944, § 13.

It is further established that the marriage of the mother and the reputed father of a bastard renders such bastard legitimate, if recognized by the father as his child. Such a recognition must be unambiguous and clear in its character. Section 9299, Code; Weatherford v. Weatherford et al., 20 Ala. 548, 56 Am.Dec. 206. The terms of the statute have been defined by recent decisions. Lay v. Fuller et al., supra; McBride v. Sullivan, 155 Ala. 166, 45 So. 902; Moore v. Terry, supra; Reichert v. Jerome H. Sheip, Inc., et al., 212 Ala. 300, 102 So. 440; 83 A. L.R. 1331, note.

After a careful consideration of all the evidence, we hold there is no error in the decree of the trial court.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

[1] Ante, p. 109.