BLOODWORTH, Justice.
These consolidated appeals are from judgments in actions seeking a sale for division of two tracts of land. In order to determine the ownership of the land, the trial court had to ascertain the true family relationship of the parties. Appellants appeal from judgments holding that they are not the natural descendants of Sumter Lar-kin, deceased, and that they have no title to the lands in question.
Title to one of the tracts was in Sumter Larkin, and title to the other tract was in Sumter Larkin and Mose Larkin, as tenants in common. The appellees, who prevailed at trial, claim title through Mose Larkin and through Ann Larkin Woodard, the daughter of Sumter Larkin and Jane Carpenter Larkin, born after their marriage. The appellants claim title through Alice McAlpine (also referred to as Alice Larkin), the daughter of Jane and alleged daughter of Sumter. Alice was born before Sumter and Jane were married, and the dispute at trial concerned whether Alice was the natural child of Sumter and whether he legitimated her after his marriage to her mother, Jane.
The trial court found, after a hearing ore tenus, that there was no credible evidence (1) that Alice was biologically related to Sumter Larkin, (2) that Alice was legitimated “by being acknowledged by Sumter Lar-kin” as his daughter, or (3) that Alice was held out to the community by Sumter as his daughter. We affirm.
Appellants contend that the trial judge erred by using the wrong test to determine legitimation. Their argument is that the trial judge’s use of the word “acknowledged” demonstrates that he did not use the correct test, which is whether Sumter Larkin “recognized” Alice as his daughter.
The rule governing this situation is found in Code 1975, § 26-11-1:
“The marriage of the mother and reputed father of a bastard child renders it legitimate if the child is recognized by the father as his child.”
Recognition is essential and must be unambiguous and clear in its character. Howard v. Pike, 290 Ala. 213, 275 So.2d 645 (1973); Martin v. Martin, 233 Ala. 310, 171 So. 734 (1937). Recognition is shown by the manner of treatment, how the child is regarded and held in thought, and does not depend upon a showing of actual parentage. Moore v. Terry, 220 Ala. 47, 124 So. 80 (1929). Moreover, publication of the parentage of the child before the marriage is unnecessary. McBride v. Sullivan, 155 Ala. 166, 45 So. 902 (1908).
The trial court, having heard the evidence ore tenus, found that Alice was not the natural daughter of Sumter Larkin, i. e., was not “biologically related” to him. This finding is supported by credible evidence and will not be disturbed. The trial court also found that Alice had not been “legitimated” by being “acknowledged” by Sumter. We do not think the word “acknowledged” indicates that the trial court used an improper standard, and we have found one opinion using the word “acknowledged” when discussing legitimation. See Hunter v. Whitworth, 9 Ala. 965 (1846).
“Recognized” is not a thauma-turgic word to be recited every time legitimation is at issue. The essence of recognition is the treatment of the child as one’s own, including an acknowledgment of parenthood, which we deem to mean acquiescence in the relationship of parent and child.
There is sufficient evidence to support the trial court’s finding that there was no legitimation. We conclude that it makes no difference that the court used the word “acknowledged” in its final judgment, rather than the word “recognized.”
Appellants raise two other issues. First, they contend that the trial court erred in allowing the appellees to use, for impeachment, a writing by appellant Coleman, one of Alice’s children, because this writing had not been produced in response to a request for production ,of documents under Rule 34, ARCP. The appellants’ request covered the following:
*980 “Such documents shall include deeds, drawings, mortgages, photographs, affidavits and writings of every nature, kind and description, which he has and on which he rests his claim to the title of the land described in the Complaint filed in this cause.”
The writing in question is a letter written by appellant Coleman in which she claims to be the daughter of Sumter Larkin. It was used on cross-examination to impeach her testimony that her father was Tom McAl-pine.
It does not appear that the letter falls within the category of documents requested. The letter could not reasonably be interpreted as a document upon which the appellees rested their claim to title. It may have increased the probability of appellees’ success by weakening Mrs. Coleman’s testimony, but this circumstance does not transform the letter into a document upon which the appellees relied to establish their claim.
Second, the appellants assert error in the trial court’s admission of statements from a deposition by the appellees’ witness Hicks after she had been impeached with statements from the same deposition. They argue that the impeaching statements taken from the deposition are unambiguous and need no clarification by introduction of other portions of the deposition.
Rule 32(a)(4), ARCP, states as follows:
“If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which ought in fairness be considered with the part introduced, and any party may introduce any other parts.”
The trial judge, in overruling the appellants’ objection, stated that he would consider the additional portions of the deposition for clarification only, and not as substantive proof. The admission of the statements under these circumstances was not an abuse of the trial court’s discretion under Rule 32(a)(4) and, moreover, we do not think the appellants were harmed thereby. See C. Gamble, McElroy’s Alabama Evidence § 159.01, at 337.
We do not address the appellants’ final contention that Code 1975 § 43-3-7, is unconstitutional because it restricts inheritance by an illegitimate child to inheritance from his or her mother, in violation of equal protection.[1] In light of the trial court’s finding that Alice was not the natural child of Sumter Larkin, not “biologically related” to him, the appellants have no standing to raise this issue.
The judgments in favor of the appellees are hereby affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.

. This issue is present in Everage v. Gibson, 77-656, pending before this Court.