WRIGHT, Presiding Judge
(dissenting).
I agree with the first conclusion of the majority decision which determines that the decree of 1951 does not affect the rights of the parties to this action. That decree determined only that Squire Gamble was a descendant under the terms of the Niblett will and therefore took a one-third remainder interest in the property, subject to the joint life estates of the living children of Niblett. That decision is conclusive as to the parties to that suit and is not challenged in this action. It doesn’t matter whether we agree or disagree with that decree. Its validity is not before us. (However, it might be noted that the discussion of the majority as to its non-binding effect on those in “esse” but not represented in the action would apply to Emma Moore Wright’s child, the only legitimate descendant of Niblett. He was then living and possessed an undivided remainder interest under the will. He had no opportunity to contest the right of Squire Gamble to inherit under the will.)
Therefore the issue is only what interest Emma Wright’s descendant had in the remaining two-thirds interest. It is in response to that issue that I must dissent from the decision of the majority. I do not agree that the admitted illegitimate children of Dock Moore or the heirs of Squire Gamble are necessary parties to this action. In the first instance, illegitimate children are not heirs of their father unless legitimated under the laws of descent and distribution in Alabama. § 43-3-7, Code (1975), Moore v. Terry, 220 Ala. 47, 124 So. 80 (1929). They have no right to be parties to the administration of their father’s estate. With the admission that the children of Dock Moore were illegitimate, they are excluded as a matter of law from the terms of the Niblett will — they are not children or descendants of Dock Moore within the laws of inheritance.
In the second instance, they have divested themselves by deed to Holley of any interest they might have had in the property. Their interest, if any they had, now resides in Holley who is the defendant in this case.
Accepting the conclusive effect of the 1951 decree vesting a one-third interest in fee in Squire Gamble, his interest was settled thereby. He has now also conveyed that interest to Holley, and Holley stands in his shoes insofar as his title clashes with the interest of Wright. The fact that Holley reconveyed part of the land to Gamble does not affect this suit. If the title of Holley conveyed by deed to Gamble fails, the recourse of Gamble or his heirs is against Holley.
Holley and Wright are the disputants here. I agree with the trial court that Wright took under the terms of the will of Niblett at ¡east an undivided two-thirds interest in fee simple after the death of the last child of Niblett. I would affirm the judgment of the trial court.