EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child support case.
Donald and Deborah’s first marriage to each other occurred on October 8, 1971, after a courtship of approximately two months. They were divorced on February *566 14, 1972, and the judgment approved their agreement which stated that Deborah’s then pregnancy happened “shortly prior” to their marriage and that due to the conception date of the unborn child, Deborah made no present child support claim against Donald and that she would make no future child support demands. The child, Christy, was born on May 18, 1972. Donald and Deborah remarried in July 1972 and were divorced for the last time in November 1972, with that divorce judgment approving a similar agreement. In 1981, Deborah filed the present proceedings seeking support from Donald for Christy. After the evidence was heard ore tenus by the trial court, a final judgment was entered which ordered Donald to pay to Deborah $20 per week for the support of Christy. Donald filed a motion for a new trial, but appealed to this court before that motion was ruled upon by the trial court or by operation of law.
While the pleadings did not raise the issue, one of the problems which was tried by implied consent of the parties was whether Christy was legitimized by the provisions of § 26-11-1, Code of Alabama 1975, which provides, “The marriage of the mother and reputed father of a bastard child renders it legitimate if the child is recognized by the father as his child.”
We assume that the trial court ascertained that Christy had been so legitimated for such would be a condition precedent to the rendition of the support judgment because of the manner in which this controversy was tried and presented by the parties. Average v. Gibson, 372 So.2d 829 (Ala.1979); Lipscomb v. Tucker, 294 Ala. 246, 254, 314 So.2d 840, 846 (1975).
As to the question of Christy’s legitimation, we look to the evidence with the attendant presumptions which are accorded to the trial court’s action and find the following facts which support the final judgment. We do not include any contra facts in this resume.
Deborah swore that she conceived Christy nine months before her birth, that Donald was Christy’s father, that she was pregnant with Christy when they married and that Donald was then aware of such pregnancy and of the fact that Christy was his child. After their first divorce, Donald paid the hospital bill and all medical expenses which concerned Christy’s birth. He visited the mother and child each day while they were in the hospital. Donald was named the father in Christy’s birth certificate and, therein, Christy was given Donald’s last name. Both Donald and Christy have buck teeth. As previously noted, the parties remarried each other in July 1972, which was after Christy’s birth, and the three evidently lived together as a family until Donald and Deborah were divorced about four months later. Thereafter, Donald has occasionally given a Christmas present to Christy. Three years ago, Donald visited Christy twice at the home of Deborah’s mother. Deborah has taken Christy to the home of Donald’s mother on several occasions, and Donald has seen Christy there. Approximately two and one-half years ago and extending over a period of several months, he came to Deborah’s house on several occasions for visits when he saw the child. Christy calls Donald “daddy.” Before Deborah married her present husband, Donald often called Christy by telephone and talked to the child.
Donald admitted that he had the opportunity to father Christy and that he had assumed that his name appeared on Christy’s birth certificate as her father. He has been told that he and Christy favor each other. Donald claimed Christy as a dependent upon his income tax return for the year 1972. Thus, he presumably supported Christy during the brief second marriage of the parties to each other.
In Coleman v. Sparkman, 370 So.2d 977 (Ala.1979), the following was stated in construing said Code section 26-11-1:
“Recognition is essential and must be unambiguous and clear in its character. Howard v. Pike, 290 Ala. 213, 275 So.2d 645 (1973); Martin v. Martin, 233 Ala. 310, 171 So. 734 (1937). Recognition is shown by the manner of treatment, how the child is regarded and held in thought, *567 and does not depend upon a showing of actual parentage. Moore v. Terry, 220 Ala. 47, 124 So. 80 (1929). Moreover, publication of the parentage of the child before the marriage is unnecessary. McBride v. Sullivan, 155 Ala. 166, 45 So. 902 (1908).... The essence of recognition is the treatment of the child as one’s own, including an acknowledgement of parenthood, which we deem to mean acquiescence in the relationship of parent and child.”
The evidence sufficiently supports the implied finding of fact by the trial court that Christy was legitimated. Accordingly, the trial court was authorized to order Donald to support Christy. The obligation of Donald as Christy’s father to support her could not be permanently removed by the 1972 parental agreements, for changed circumstances required the reinvocation of his duty to support his daughter in 1982. Tucker v. Tucker, 403 So.2d 262 (Ala.Civ. App.1981). No controversy has been raised on appeal as to the amount of periodic child support which Donald was ordered to pay.
Donald argues that the trial court erred in failing to grant his motion for a new trial. However, the trial court never expressly ruled upon the motion, and his motion was not overruled by operation of Rule 59.1, Alabama Rules of Civil Procedure, because he perfected his appeal before the required ninety days had expired. There was no ruling by the trial court as to the new trial motion. Appellate courts will not review legal questions which were not ruled upon' by the trial court. Bevill v. Owen, 364 So.2d 1201 (Ala.1979); Parker v. Parker, 392 So.2d 229 (Ala.Civ.App.1980).
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.