ROBERT P. BRADLEY, Retired Appellate Judge.
Two actions were consolidated for trial below and, after an ore tenus proceeding, Hemlock appeals from a final judgment rendered in its favor for $3,200 plus interest.
In March 1988 Hemlock, who is engaged in the transport of vehicles, filed an action against Clarence Prather, d/b/a Prather Motors, for $3,200. Hemlock asserted that Clarence Prather owed $3,200 on account and prayed for the seizure and attachment of a specified vehicle that Hemlock alleged was owned by Prather Motors.
In July 1988 Larry Prather (son of Clarence Prather), d/b/a Auto Havs, brought an action against Hemlock for the wrongful attachment of the vehicle mentioned above. Hemlock answered and filed a counterclaim against Larry Prather “for services rendered in hauling automobiles.”
*621 The two cases were consolidated at trial by the agreement of the parties. After ore tenus proceedings the trial court issued a judgment as follows:
“ONE: That the plaintiff, Hemlock, Inc., shall have and recover of the defendant, Clarence Prather, the sum of $3,200.00 plus interest of $234.00 for a total judgment of $3,434.00.
“TWO: That the plaintiff, Larry Prather, shall obtain possession of the 1981 Chevrolet pick-up VIN. 1GCDC14H9BS112284 and the Sheriff of this county shall surrender said vehicle to said plaintiff upon payment of any storage fee as set out below.
“THREE: That the claims of the plaintiff, Larry Prather, of detinue and conversion are found in favor of Hemlock, Inc., and Larry Prather is taxed with the costs of such action.
“FOUR: That Clarence Prather is taxed with the costs of action CV-88043A including any costs of storing the attached truck.”
On appeal Hemlock contends, alternatively, that the trial court erred by not making some disposition of Hemlock’s counterclaim against Larry Prather because the evidence “clearly establishes” that Clarence Prather and Larry Prather were operating Prather Motors in October 1987 either (1). as a partnership, or (2) under an agency agreement, and thus that Clarence Prather and Larry Prather are jointly and severally liable on the judgment.
On August 17, 1989 this court remanded the ease to the trial court for it to decide whether to make the December 15, 1988 judgment final by entering a Rule 54(b), Alabama Rules of Civil Procedure, order. On September 25, 1989 the trial court entered a Rule 54(b) order making the December 15, 1988 judgment final.
As noted above, the issue on appeal is whether the trial court has ruled on Hemlock’s counterclaim and, if so, whether the trial court properly disposed of it.
After carefully reviewing the trial court’s judgment, we are convinced that the trial court failed to expressly rule on Hemlock’s counterclaim. Consequently, the judgment rendered on December 15, 1988 was final only as to the complaints filed by Hemlock, Inc. a/k/a Floyd Compton Motors, and Larry Prather, d/b/a Auto Havs.
Since Hemlock’s counterclaim has not been ruled on by the trial court, we have nothing to review. See, Rule 58(a), A.R. Civ.P. Only rulings of a trial court can be reviewed by an appellate court. King v. King, 437 So.2d 565 (Ala.Civ.App.1983). Additionally, Hemlock did not raise as an issue on appeal the validity of the trial court’s rulings in its final judgment. Issues not properly raised and argued will not be considered by this court and the judgment appealed from will be affirmed. Lambert v. Pinckard Agency, Inc., 516 So.2d 697 (Ala.Civ.App.1987).
For the reasons above noted, the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Robert P. Bradley while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.